1  Aaron L. Agenbroad (State Bar No. 242613)
   JONES DAY
2  555 California Street, 26th Floor
   San Francisco, CA  94104
3  Telephone:  +1.415.626.3939
   Facsimile:  +1.415.875.5700
4  Email:      alagenbroad@JonesDay.com

5  Cindi L. Ritchey (State Bar No. 216899)
   Koree Blyleven (State Bar No. 294489)
6  JONES DAY
   12265 El Camino Real, Suite 200
7  San Diego, CA  92130.4096
   Telephone:  +1.858.314.1200
8  Facsimile:  +1.858.314.1150
   Email:      critchey@jonesday.com
9              kblyleven@jonesday.com

10 Attorneys for Defendant
   THE NEIMAN MARCUS GROUP LLC
11

12

13               UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15 HOLLY ATTIA, ROSHANAK              CASE NO.
   BASTI, NILOOFAR
16 ESHAGHBEIGL, MICHELLE              Assigned for all purposes to:
   GIRARD, ELISE KELLEY, KIM
17 MARCONI, ISABEL ROMERO,
   DAVID TOLBERT, on behalf of
18 themselves individually and all others   **DEFENDANT THE NEIMAN**
   similarly situated,               **MARCUS GROUP LLC'S**
19                                    **NOTICE OF REMOVAL OF**
                                      **CIVIL ACTION FROM STATE**
20          Plaintiffs,              **COURT**

21     v.                            **[28 U.S.C. §§ 1332((b), 1332(d)**
                                      **1441(b) AND 1446]**
22 THE NEIMAN MARCUS GROUP,
   INC., a Texas Corporation; and DOES
23 1 through 100, inclusive,

24          Defendants.

25

26

27

28

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT The Neiman Marcus Group LLC ("Defendant" or "Neiman Marcus"), erroneously sued as The Neiman Marcus Group, Inc., Defendant in the above-titled action, hereby removes this matter to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(b), 1332(d), 1441(b), and 1446. The grounds for removal are as follows:

## Compliance with Statutory Requirements

1.     On or about December 31, 2015, Plaintiffs Holly Attia, Roshanak Basti, Niloofar Eshaghbeigi, Michelle Girard, Elise Kelley, Kim Marconi, Isabel Romero, and David Tolbert, on behalf of themselves and all others similarly situated ("Plaintiffs"), filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Orange, Case No. 30-2015-00827743-CU-OE-CXC, captioned *Holly Attia, Roshanak Basti, Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley, Kim Marconi, Isabel Romero, David Tolbert, on behalf of themselves and all others similarly situated, Plaintiffs, vs. The Neiman Marcus Group, Inc., a Texas Corporation; and DOES 1 through 100, inclusive, Defendants.*

2.     On February 11, 2016, Plaintiffs filed a First Amended Complaint ("FAC"). In the FAC, Plaintiffs assert claims for (a) Failure to Pay Hourly Wages and Overtime Wages; (b) Failure to Pay Minimum Wages (c) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; (d) Failure to Indemnify Necessary Expenses; (e) Failure to Timely Pay Wages Due at Termination; (f) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; (g) Violations of the Unfair Competition Law; and (h) Private Attorneys' General Act of 2004, Labor Code 2698 *et seq.*

3.     Plaintiffs purport to represent "all employees not classified as 'Exempt' or primarily employed in executive, professional, or administrative

1    capacities ('Non-Exempt Employees') employed by, or formerly employed by,

2    THE NEIMAN MARCUS GROUP, INC., a Texas Corporation . . . within the State

3    of California."  FAC at ¶ 1.

4         4.     Plaintiffs seek to certify a class comprised as follows:

5         All persons who are employed or have been employed by Defendant in the

6         State of California who, within the liability period of the filing of this

7         Complaint, have worked as sales associates and in any other similar position

8         that did not consist of over 50% administrative, executive, or professional

9         duties and were not paid all lawful wages, including, but not limited to, all

10        regular time and/or overtime.

11   FAC at ¶ 47.

12        5.     The FAC also alleges additional putative "subclasses," which are

13   alleged to include the following:

14        All persons who are employed or have been employed by the Defendant in

15        the State of California who have worked during the liability period as sales

16        associates and in any other position that did not consist of over 50%

17        administrative, executive, or professional duties and were not paid minimum

18        wages for each hour worked.

19   FAC at ¶ 48.

20        All persons who are employed or have been employed by the Defendant in

21        the State of California who have worked during the liability period as sales

22        associates and in any other position that did not consist of over 50%

23        administrative, executive, or professional duties and have not been provided

24        a rest period for every four hours or major fraction thereof worked per day

25        and were not provided compensation[.]

26   FAC at ¶ 49.

27        All persons who are employed or have been employed by the Defendant in

28        the State of California who have worked during the liability period as sales

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1  associates and in any other position that did not consist of over 50%

2  administrative, executive, or professional duties and have not been provided

3  [] a meal break period for each day in which such non-exempt employees

4  worked in excess of five and/or ten hours and were not provided

5  compensation of one hour pay for each day on which such meal period was

6  not provided[.]

7  *Id.*

8  All persons who are employed or have been employed by the Defendant in

9  the State of California who have worked during the liability period as sales

10  associates and in any other position that did not consist of over 50%

11  administrative, executive, or professional duties and have not were not [sic]

12  paid all wages due and owing upon separation from Defendant's employ[.]

13  *Id.*

14  All persons who are employed or have been employed by the Defendant in

15  the State of California who have worked during the liability period as sales

16  associates and in any other position that did not consist of over 50%

17  administrative, executive, or professional duties and incurred expenses or

18  losses necessary to employment with Defendant but were not reimbursed for

19  such expenses[.]

20  *Id.*

21  All persons who are employed or have been employed by the Defendant in

22  the State of California who have worked during the liability period as sales

23  associates and in any other position that did not consist of over 50%

24  administrative, executive, or professional duties and have not been provided

25  accurate itemized wage statements[.]

26  *Id.*

27  6.     Plaintiffs did not serve Defendant with the original Complaint prior to

28  filing their FAC.  Plaintiffs served both the original Complaint and FAC together

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

- 4 -

1  on counsel for Defendant as its authorized agent for service of process in this action

2  and, on March 7, 2016, Defendant's counsel signed and returned a Notice of

3  Acknowledgement of Receipt, effectuating complete service of the FAC.

4  Declaration of Cindi Ritchey, ¶¶ 2-3, and Exhibit A to this Notice of Removal.

5  Defendant's removal of this action is timely because Defendant is removing this

6  matter within 30 days of completion of service of the FAC. *See* 28 U.S.C. §

7  1446(b); Cal. Code Civ. P. §§ 415.10, 415.30.

8         7.     In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A

9  are true and correct copies of all process, pleadings, and orders in this action,

10 including Plaintiff's Summons and Complaint, the FAC, and Defendant's Notice of

11 Acknowledgement of Receipt.  Attached hereto as Exhibit B is a true and correct

12 copy of Defendant's Answer to the FAC.

13        8.     Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide

14 written notice of removal of the Action to Plaintiffs, and promptly will file a copy

15 of this Notice of Removal with the Clerk of the Superior Court of the State of

16 California, County of Orange.

## Intradistrict Assignment

17

18        9.     Plaintiff filed this case in the Superior Court of California, County of

19 Orange; therefore, this case may properly be removed to the Southern Division of

20 the Central District of California.  28 U.S.C. § 1441(a).

## Jurisdiction – Diversity Jurisdiction

21

22        10.    There is a sufficient basis for removal jurisdiction on diversity grounds

23 because there is complete diversity of citizenship between the parties and the

24 amount in controversy between Plaintiff Roshanak Basti ("Ms. Basti") and

25 Defendant exceeds $75,000 exclusive of costs and interest.  *See* 28 U.S.C. §

26 1332(a); § 1441(b).  Because "at least one named plaintiff in the action satisfies the

27 amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize

28 supplemental jurisdiction over the claims of other plaintiffs in the same Article III

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1   case or controversy, even if those claims are for less than the jurisdictional amount .

2   . . ." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *Lewis*

3   *v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010) ("Prior to CAFA, a

4   class action could be heard in federal court under diversity jurisdiction only if there

5   was complete diversity, i.e., all class representatives were diverse from all

6   defendants, and if at least one named plaintiff satisfied the amount in controversy

7   requirement of more than $75,000.").  Accordingly, all of the requirements of

8   diversity jurisdiction are satisfied and this Court should properly exercise

9   supplemental jurisdiction over the remaining named plaintiffs.

10          There Is Complete Diversity of Citizenship Between the Named Plaintiffs

11                                        and Defendant

12          11.    Neiman Marcus is a Delaware limited liability company with its

13   principal place of business in Texas.  Declaration of John Marazio ("Marazio

14   Decl."), ¶ 2.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77

15   (2010).  In actions removed from state court on diversity grounds, the citizenship of

16   fictitious defendants "shall be *disregarded*."  28 USC § 1441(a).

17          12.    At all relevant times, Plaintiff Holly Attia was a citizen of California,

18   and she still is a citizen of California.  *See* FAC ¶ 12.

19          13.    At all relevant times, Ms. Basti was a citizen of California, and she

20   still is a citizen of California.  *See* FAC ¶ 13.

21          14.    At all relevant times, Plaintiff Niloofar Eshaghbeigi was a citizen of

22   California, and she is still a citizen of California. *See* FAC ¶ 14.

23          15.    At all relevant times, Plaintiff Michelle Girard was a citizen of

24   California, and she is still a citizen of California.  *See* FAC ¶ 15.

25          16.    At all relevant times, Plaintiff Elise Kelley was a citizen of California,

26   and she is still a citizen of California.  *See* FAC ¶ 16.

27          17.    At all relevant times, Plaintiff Kimberly Marconi was a citizen of

28   California, and she is still a citizen of California.  *See* FAC ¶ 17.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

18.    At all relevant times, Plaintiff Isabel Romero was a citizen of California, and she is still a citizen of California.  *See* FAC ¶ 18.

19.    At all relevant times, Plaintiff David Tolbert was a citizen of California, and he is still a citizen of California.  *See* FAC ¶ 19.

20.    Accordingly, there is complete diversity of citizenship between each named plaintiff and Defendant.

<u>The Amount in Controversy Between Defendant and Ms. Basti Exceeds $75,000</u>

21.    The amount in controversy between Defendant Neiman Marcus and Ms. Basti in this matter exceeds $90,710.38.  This sum is based on the following calculations, which are set forth in greater detail below:

| Claim | Calculation | Amount in Controversy |
|---|---|---|
| Failure to Pay Overtime Compensation: | $150.27 (overtime rate) x 1 hour per week x 186 weeks[1] from December 31, 2011 through July 27, 2015 | $27,950.22 |
| Failure to Provide Meal Periods: | $100.18 (average regular hourly rate of pay) x 1 meal period x 186 weeks from December 31, 2011 through July 27, 2015 | $18,633.48 |
| Failure to Provide Rest Periods: | $100.18 (average regular hourly rate of pay) x 1 rest break x 186 weeks from December 31, 2011 through July 27, 2015 | $18,633.48 |
| Waiting Time Penalties: | $100.18 (average hourly rate) x 8 hours per day x 30 days | $24,043.20 |
| Failure to Provide Accurate Wage Statements: | $50 x 1 + 100 x one less than the number of pay periods in class period (max of $4,000) | $1,450.00 |
| **Total:** | | $90,710.38 |

---

[1] Ms. Basti was employed by Defendant from 05/25/2005 to 07/27/2015. Marazio Decl. at ¶ 4.  Accordingly, Ms. Basti was employed by Defendant for 186 full weeks during the putative class period, from December 31, 2011 through July 27, 2015.  Ms. Basti's average hourly rate was $100.18 and her overtime rate was $150.27.  *Id.* at ¶ 5.

1    In establishing the amount in controversy for purposes of removal, Defendant

2    does not concede or acknowledge in any way that the allegations in the FAC are

3    accurate or that Plaintiffs or any proposed class member are entitled to any amount

4    under any claim or cause of action.  Nor does Defendant concede or acknowledge

5    that any class or subclass may be certified, whether as alleged or otherwise, or that

6    any or all of its current or former employees are entitled to any recovery in this

7    case, or are appropriately included in the putative class.

8    22.   First Claim for Relief: Failure to Pay Overtime:  Ms. Basti's first claim

9    for relief seeks payment for overtime wages allegedly owed to her pursuant to

10   Labor Code § 510.  FAC at ¶¶ 59-63.  Ms. Basti alleges that, "From at least four

11   years prior to the filing of this complaint and continuing to the present, Defendant

12   has maintained a consistent policy of . . . failing to accurately calculate and pay

13   overtime premiums."  *Id.* at ¶ 5.  Ms. Basti further alleges that she was "regularly

14   required to . . . work in excess of (8) hours in a workday and/or forty (40) hours in a

15   workweek without proper overtime compensation at the rate of time and one-half (1

16   1/2) of [her] regular rate of pay . . . ."  *Id.* at ¶ 20.  She further alleges that,

17   "Defendants have had a consistent policy of requiring non-exempt employees to

18   work in excess of 40 hours in a workweek and/or in excess of eight (8) hours in a

19   workday and/or forty (40) hours in a workweek without compensating such

20   employee at the rate of time and one-half (1 1/2) of such employee's regular rate of

21   pay."  *Id.* at ¶ 60.  Ms. Basti seeks recovery of allegedly owed overtime wages

22   under Labor Code § 510.  *Id.* at ¶ 62.  Given her allegations that Defendant had a

23   "consistent policy" of failing to pay overtime premiums and a "consistent policy"

24   of requiring non-exempt employees to work overtime without receiving

25   compensation at the overtime rate, and that Ms. Basti was "regularly required" to

26   work overtime "without proper overtime compensation," Ms. Basti contends that

27   she worked at least one hour of overtime for every week she was employed, and the

28

1    amount placed in controversy by her overtime claim is at least $27,950.22.[2]  *See*

2    *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014)

3    (approving the employer's assumption, for the purposes of removal, that the

4    employee worked one hour of overtime per week, where the complaint alleged that

5    she "regularly" worked overtime); *Arreola v. Finish Line*, No. 14-CV-03339-LHK,

6    2014 WL 6982571, at *6 (N.D. Cal. Dec. 9, 2014) (same).

7         23.    <u>Third Claim for Relief:  Failure to Provide Meal Periods:</u>  Ms. Basti's

8    third claim for relief seeks premium wage payments pursuant to California Labor

9    Code Section 226.7 for missed uninterrupted meal periods and missed

10    uninterrupted second meal periods.  *See* FAC at ¶¶ 75-76, 78.  She alleges that

11    "From at least four years prior to the filing of this complaint and continuing to the

12    present . . . Defendant has maintained a consistent policy of requiring Neiman Non-

13    Exempt Employees within the state of California, including Plaintiffs, to work at

14    least five (5) hours without an uninterrupted meal period, to work ten (10) hours

15    without a second uninterrupted meal period and of failing to pay such employees

16    one (1) hour of pay at the employee's regular rate of compensation for each

17    workday that the meal period is or was not provided . . . ."  *Id.* at ¶ 4.  She also

18    alleges that "Plaintiffs and Neiman Non-Exempt Employees were not provided . . .

19    meal periods for work days in excess of five (5) and or ten (10) hours; and were not

20    compensated a one hour wage in lieu thereof in violation of Labor Code § 226.7

21    and 512 . . . ."  *Id.* at ¶ 34.  She further alleges that "Plaintiffs and Class Members

22    were regularly required to work in excess of five (5) and/or ten (10) hours per day,

23    without being provided meal periods as mandated under the California Labor Code

24    and the implementing rules and regulations of the IWC California Wage Orders."

25    *Id.* at ¶ 38.  Given her allegation that Defendant had a "consistent policy" of not

26

27        [2] Amount calculated as follows: $150.27 (overtime rate of pay based on

28    average hourly rate of pay) x 1 hours of overtime per week x 186 weeks in the class period = $27,950.22.

providing meal periods, and the allegations that she was "regularly required" to work without meal periods and was "not provided" meal periods, Ms. Basti contends that she missed at least one meal period each week for every week she was employed, and the amount placed in controversy by Ms. Basti's missed meal break claim is at least $18,633.48.[3]  *See Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (approving of the employer's assumption for purposes of removal that the employee missed one meal break per week where the complaint alleged that the class members "often" had to forego meal or rest breaks); *Jasso v. Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *6 (N.D. Cal. Mar. 1, 2012) (approving of the employer's assumption for purposes of removal that the employee missed one meal break per week where the complaint alleged that the employer "failed to provide" meal periods and rest periods).

24.  <u>Third Claim for Relief: Failure to Provide Rest Breaks:</u>  In addition to the amount sought for unpaid meal period premiums, Ms. Basti, in her third claim for relief, seeks premium wages for missed rest periods.  FAC at ¶ 78.  As with her meal period claim, given Ms. Basti's allegation that Defendant "maintained a consistent policy" of not providing rest breaks and that she was "regularly required" to work in excess of four hours without a rest period (FAC at ¶ 3), Ms. Basti contends that she missed at least one rest break each week for every week she was employed, and the amount placed in controversy by Ms. Basti's missed rest break claim is at least $18,633.48.[4]  *See Quintana*, 2013 WL 1736671, at *6; *Jasso,* 2012 WL 699465, at *6.

25.  <u>Fifth Claim for Failure to Timely Pay All Final Wages:</u>  Ms. Basti also seeks statutory penalties pursuant to Labor Code Section 203 based on Defendant's

---

[3] Amount calculated as follows: $100.18 (average regular hourly rate of pay) x 1 missed meal period per week x 186 weeks in the class period = $18,633.48.

[4] Amount calculated as follows: $100.18 (average regular hourly rate of pay) x 1 missed rest break per week x 186 weeks in the class period = $18,633.48.

alleged failure to pay Ms. Basti all of her final wages in accordance with Labor Code §§ 201 and 202.  FAC at ¶¶ 84-89.  Ms. Basti seeks "30 days' wages as a penalty under Labor Code section 203 for Defendants' failure to pay legal wages." *Id.* at ¶ 88.  The amount placed in controversy by Ms. Basti's claim for waiting time penalties is $24,043.00.[5]

26.    <u>Sixth Claim for Failure to Provide Accurate Written Wage Statements:</u> Ms. Basti also seeks statutory penalties pursuant to Labor Code Section 226(e) based on Defendant's alleged failure to provide her with accurate itemized wage statements.   FAC at ¶¶ 90-94.  Ms. Basti alleges that, "From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of . . . failing to provide accurate itemized wage statements." *Id.* at ¶ 5.  She also alleges that "Defendants failed to include on the pay check stubs of Plaintiffs and Neiman Non-Exempt Employees the total number of hours worked, the number of pieces produced, and the rate the employee was paid for each piece produced." *Id.* at ¶ 41.  Ms. Basti seeks "up to a maximum of $4,000.00 for Defendants' record-keeping violations." *Id.* at ¶ 94.  Defendant provides wage statements to its employees on a bi-weekly basis.  Marazio Decl. at ¶ 6.  The statute of limitations on this claim is one year.  Cal. Code Civ. Proc. 340(a).  Ms. Basti was employed by Defendant for 15 pay periods during the relevant limitations period.  The amount in controversy for this claim is $1,450.[6]

27.    The amount in controversy between Defendant and Ms. Basti exceeds $90,710.38 because Defendant's calculation does not include amounts put in controversy for Ms. Basti's claims for failure to pay regular wages for time spent working off the clock (first cause of action), failure to pay minimum wages (second

---

[5] The amount in controversy on the waiting time penalties claim is calculated as follows: $100.08 per hour x 8 hours per day x 30 days = $24,043.20.

[6] The amount in controversy on Ms. Basti's inaccurate wage statement claim is calculated as follows:  1 pay period x $50 for the first violation + $100 for each additional violation in each of 14 additional pay periods, subject to a maximum penalty of $4,000 = $1,450.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

cause of action), unpaid second meal periods (third cause of action), indemnification of business expenses (fourth cause of action), and the additional 30 days of waiting time penalties she claims in paragraph 89 of the FAC.  Moreover, this calculation does not include her claim for attorneys' fees.  *See* FAC at ¶¶ 8, 62, 70, 78, 83, 89, and Prayer for Relief.  Attorneys' fees are properly included in the amount in controversy for purposes of removal.  *Salcido v. Evolution Fresh, Inc.*, No. 214CV09223SVWPLA, 2016 WL 79381, at *8 (C.D. Cal. Jan. 6, 2016) (approving use of 25% of amount in controversy for attorneys' fees calculation on removal); *Dittmar v. Costco Wholesale Corp.*, No. 14-CV-1156-LAB-JLB, 2015 WL 7106636, at *5 (S.D. Cal. Nov. 13, 2015) (same).  The amount of attorneys' fees put in controversy on Ms. Basti's claims is at least $22,677.60.[7]  Adding these attorneys' fees to the previously established amount in controversy brings the total amount in controversy between Ms. Basti and Defendant well beyond the $75,000 threshold.  In short, the dispute between Ms. Basti and Defendant plainly exceeds the minimum amount-in-controversy requirement for diversity jurisdiction.

### Jurisdiction – CAFA Jurisdiction

28.    This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever:  (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), and (3) the

---

[7] The amount of attorneys' fees in controversy on Ms. Basti's claim is calculated as follows:  0.25 x $90,710.38 (the previously calculated amount in controversy).  The attorneys' fees in controversy would increase based on the additional claims alleged in the FAC that are not included in the amount in controversy calculations.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1    number of members of all proposed plaintiff classes in the aggregate exceeds 100.

2    *See* 28 U.S.C. § 1332(d)(5)(B).  All three requirements are satisfied in this case.

3                    Plaintiffs and Defendants are Citizens of Different States

4         29.    In this matter, diversity of citizenship exists because Defendant

5    Neiman Marcus is a citizen of different states than at least one proposed class

6    member.  *See* 28 U.S.C. § 1332(d)(2).  Specifically, as stated above, Neiman

7    Marcus is a Delaware limited liability company with its principal place of business

8    in Texas.  Marazio Decl. ¶ 2.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*,

9    559 U.S. 77 (2010).

10        30.    As stated above in paragraphs 12 to 19, each of the named Plaintiffs is

11   a citizen of California.  Moreover, Plaintiffs seek to represent "all employees not

12   classified as 'Exempt' or primarily employed in executive, professional, or

13   administrative capacities ('Non-Exempt Employees') employed by, or formerly

14   employed by, THE NEIMAN MARCUS GROUP, INC., a Texas Corporation . . .

15   *within the State of California*."  FAC at ¶ 1 (emphasis added).  Accordingly, the

16   first requirement is established.

17                    The Amount in Controversy Exceeds $5,000,000

18        31.    Though Defendant concedes neither liability on Plaintiffs' claims nor

19   the propriety or breadth of any class (or subclass) as alleged by Plaintiffs, the FAC

20   places in controversy a sum greater than $5,000,000.  *See generally* FAC; 28

21   U.S.C. § 1332(d).  Plaintiffs seek unpaid overtime, unpaid regular time, unpaid

22   minimum wages, meal and rest break premium wages, un-reimbursed business

23   expenditures, waiting time penalties, wage statement penalties, restitution, civil

24   penalties, and attorneys' fees on behalf of each named plaintiff and each of the

25   purported class and subclass members.  FAC at ¶¶ 62, 70, 78, 83, 88, 89, 94, 99,

26   105, and Prayer for Relief.  The aggregate amount in controversy based on these

27   claims and Plaintiffs' allegations far exceeds $5,000,000 for the reasons stated

28   below.

32.    The amount in controversy on Plaintiffs' third claim for relief (for failure to provide meal breaks and rest periods), standing alone, exceeds $5,000,000, and it is therefore unnecessary to address the amount placed in controversy by Plaintiffs' seven other class claims asserted in the FAC.   As set forth in greater detail below, the amount placed in controversy by the claims for premium wages for meal and rest periods alleged in the third cause of action exceeds $10,653,313.54.[8]

33.    During the relevant time period (from December 31, 2011 to present), Defendant employed approximately 1,283 sales associates in California.  Marazio Decl. at ¶ 7.  Accordingly, there are more than 100 potential members in the proposed classes.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs seek certification on behalf of "All persons who are employed or have been employed by Defendant in the State of California who, within the liability period of the filing of this Complaint, have worked as *sales associates and in any other similar position that did not consist of over 50% administrative, executive, or professional duties* and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime."  FAC at ¶ 47 (emphasis added).  Plaintiffs further seek certification on behalf of various subclasses of "All persons who are employed or have been employed by the Defendant in the State of California who have worked during the liability period *as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties*" who satisfy additional requirements.  *Id.* at ¶¶ 48-49 (emphasis added).  Despite the sweeping breadth of the class and subclass allegations, Defendant satisfies the amount in controversy

---

[8] In establishing the amount in controversy for purposes of removal, Defendant does not concede or acknowledge in any way that the allegations in Plaintiffs' FAC are accurate or that Plaintiffs or any proposed class member are entitled to any amount under any claim or cause of action.  Nor does Defendant concede or acknowledge that any class or subclass may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1   requirement for purposes of CAFA jurisdiction looking only at the following subset

2   of the putative class:  sales associates in California.

3       34.   Third Claim for Relief:  Failure to Provide Meal Periods: Plaintiffs'

4   third claim for relief seeks premium wage payments for missed uninterrupted meal

5   periods and missed uninterrupted second meal periods.  FAC at ¶¶ 75-76, 78.

6   Plaintiffs allege that "From at least four years prior to the filing of this complaint

7   and continuing to the present . . . Defendant has maintained a consistent policy of

8   requiring Neiman Non-Exempt Employees within the state of California, including

9   Plaintiffs, to work at least five (5) hours without an uninterrupted meal period, to

10  work ten (10) hours without a second uninterrupted meal period and of failing to

11  pay such employees one (1) hour of pay at the employee's regular rate of

12  compensation for each workday that the meal period is or was not provided . . . ."

13  *Id.* at ¶ 4.  Plaintiffs also allege that "Plaintiffs and Neiman Non-Exempt

14  Employees were not provided . . . meal periods for work days in excess of five (5)

15  and or ten (10) hours; and were not compensated a one hour wage in lieu thereof in

16  violation of Labor Code § 226.7 and 512 . . . ."  *Id.* at ¶ 34.  Plaintiffs further allege

17  that "Plaintiffs and Class Members were regularly required to work in excess of

18  five (5) and/or ten (10) hours per day, without being provided meal periods as

19  mandated under the California Labor Code and the implementing rules and

20  regulations of the IWC California Wage Orders."  *Id.* at ¶ 38.  Given the allegations

21  that Defendant had a "consistent policy" of not providing meal periods, putative

22  class members were "regularly required" to work without meal periods and were

23  "not provided" meal periods, Plaintiffs contend that they and members of the

24  putative class and/or subclasses missed at least one meal period each week for

25  every week they were employed, and the amount placed in controversy by the

26  missed meal break claim is at least $5,326,656.77.[9]  *See Quintana*, 2013 WL

27

28  [9] Amount calculated as follows: the summation of the average hourly rate of pay for each individual employed as a sales associate since December 31, 2011 x 1

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1736671, at *6 (approving assumption for purposes of removal that the employee missed one meal break per week where the complaint alleged that the class members "often" had to forego meal or rest breaks) (CAFA); *Jasso*, 2012 WL 699465, at *6 (same) (CAFA).

35.    Third Claim for Relief: Failure to Provide Rest Breaks:  In addition to the amount sought for unpaid meal period premiums, Plaintiffs, in their third claim for relief, seek premium wages for missed rest periods.  FAC at ¶¶ 75, 77, 78.  As with their meal break claim, given Plaintiffs' allegations that Defendant "maintained a consistent policy" of not providing rest breaks and Plaintiffs and members of the putative class and/or subclasses were "regularly required" to work in excess of four hours without a rest period (FAC, ¶¶ 3, 39), Plaintiffs contend that they and members of the putative class and/or subclasses missed at least one rest break each week for every week they were employed, and the amount placed in controversy by Plaintiffs' missed rest break claim is at least $5,326,656.77.[10]  *See Quintana*, 2013 WL 1736671, at *6; *Jasso* 2012 WL 699465, at *6.

36.    The amount in controversy calculation does not include amounts put in controversy for the claims for failure to pay overtime (first cause of action), failure to pay regular wages for time spent working off the clock (first cause of action), failure to pay minimum wages (second cause of action), unpaid second meal periods (third cause of action), indemnification of business expenses (fourth cause of action), failure to timely pay wages upon termination (fifth cause of action), failure to provide accurate itemized wage statements (sixth cause of action), and the additional 30 days of waiting time penalties claimed in paragraph 89 of the FAC. Moreover, this calculation does not include the claim for attorneys' fees.  *See* FAC

_____

meal period per week x number of weeks the individual worked in the class period = $5,326,656.77.  Marazio Decl. at ¶ 8.

    [10] Amount calculated as follows: the summation of the average hourly rate of pay for each individual employed as a sales associate since December 31, 2011  x 1 rest period per week x number of weeks the individual worked in the class period = $5,326,656.77.  Marazio Decl. at ¶ 9.

1   at ¶¶ 8, 62, 70, 78, 83, 89, and Prayer for Relief.  Attorneys' fees are properly

2   included in the amount in controversy for purposes of removal.  *Salcido*, 2016 WL

3   79381, at *8; *Dittmar*, 2015 WL 7106636, at *5.  This dispute plainly exceeds the

4   minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

5         WHEREFORE, the above-titled Action is hereby removed to this Court from

6   the Superior Court of the State of California, County of Orange.

7   Dated:  March 17, 2016          JONES DAY

8

9                                   By: */s/ Cindi L. Ritchey*

10                                     Aaron L. Agenbroad
                                     Cindi L. Ritchey

11                                     Koree Blyleven

12                                     Attorneys for Defendant
                                     THE NEIMAN MARCUS GROUP

13                                     LLC

14   NAI-1500890185v3

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Neiman Marcus Group, Inc. a Texas Corporation; and DOES 1
through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

See attachment for names of Plaintiffs

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/31/2015** at 09:54:00 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Civil Complex Center
*(El nombre y dirección de la corte es):*

751 West Santa Ana Boulevard, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso)* 30-2015-00827743-CU-OE-CXC

Judge Thierry Patrick Colaw

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES HAWKINS APLC, 9880 Research Drive., Suite 200, Irvine, CA 92618  949-387-7200

DATE: 12/31/2015        Clerk, by _Georgina Ramirez_ , Deputy
*(Fecha)*    ALAN CARLSON, Clerk of the Court    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Attia v. The Neiman Marcus Group, Inc. | 30-2015-00827743-CU-OE-CXC |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☑ Plaintiff     ☐ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

HOLLY ATTIA, ROSHANAK BASTI,
NILOOFAR ESHAGHBEIGL, MICHELLE
GIRARD, ELISE KELLEY, KIM MARCONI,
ISABEL ROMERO, DAVID TOLBERT, on
behalf of themselves individually and all others
similarly situated,

Page _2_ of _2_

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC<br>James R. Hawkins, Esq. SBN 192925; Christina M. Lucio, Esq. SBN 253677<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**12/31/2015** at 08:49:48 AM |
| TELEPHONE NO.: 949-387-7200     FAX NO.: 949-387-6676 | |
| ATTORNEY FOR *(Name):* Holly Attia and members of the class | Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Attia v. The Neiman Marcus Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2015-00827743-CU-OE-CXC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Thierry Patrick Colaw<br>DEPT: CX-105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  7
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 31, 2015
Christina M. Lucio
_____        ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, Esq. SBN 253677
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/31/2015** at 08:49:48 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

Attorneys for Plaintiffs, Holly Attia, Roshanak Basti,
Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
Kim Marconi, Isabel Romero, David Tolbert,
on behalf of themselves and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

Judge Thierry Patrick Colaw

| | |
|---|---|
| HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves individually and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE NEIMAN MARCUS GROUP, INC., a Texas Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 30-2015-00827743-CU-OE-CXC<br>Assigned For All Purposes to:<br>CX-105<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Hourly Wages and Overtime Wages<br>2) Failure to Pay Minimum Wages<br>3) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof<br>4) Failure to Indemnify Necessary Expenses<br>5) Failure to Timely Pay Wages Due at Termination<br>6) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions<br>7) Violations of the Unfair Competition Law<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

1    Plaintiffs, HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE

2    GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on

3    behalf of themselves individually and all others similarly situated, (collectively "Plaintiffs")

4    complain of Defendants, and each of them, and for causes of action alleges:

5                                                    I.

6                                         **INTRODUCTION**

7         1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of

8    Plaintiffs and all employees, including but not limited to all employees not classified as

9    "Exempt" or primarily employed in executive, professional, or administrative capacities ("Non-

10   Exempt Employees") employed by, or formerly employed by, THE NEIMAN MARCUS

11   GROUP, INC., a Texas Corporation (hereinafter "NEIMAN" or "Defendant"), within the State

12   of California.

13        2.   During the liability period, as defined as the applicable statute of limitations for each and

14   every cause of action contained herein, i.e. Plaintiffs' claims under the Unfair Competition Law

15   is four (4) years;  Plaintiffs' claims for either unpaid wages or actual damages is three (3) years;

16   and Plaintiffs' claims for statutory penalties is one (1) year from the filing of this action and

17   through to the present (hereinafter "the liability period"), Defendant consistently maintained and

18   enforced against Neiman Non-Exempt Employees the following unlawful practices and policies,

19   among others, in violation of California state wage and hour laws, failing to accurately pay all

20   employees earned wages for hours worked including the  required overtime and minimum wage

21   for all hours worked and failing to provide meal and/or rest periods.

22        3.   From at least four years prior to the filing of this complaint and continuing to the present,

23   Defendant has maintained a consistent policy of failing to provide Neiman Non-Exempt

24   Employees in the State of California, including Plaintiffs, rest periods of at least (10) minutes per

25   four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour

26   of pay at the employees regular rate of compensation for each workday that the rest period is not

27   provided, as required by California state wage and hour laws.

28        4.   From at least four years prior to the filing of this complaint and continuing to the present

                                                  - 2 -

                                     CLASS ACTION COMPLAINT

(hereinafter referred to as the "rest and meal period liability period"), Defendant has maintained a consistent policy of requiring Neiman Non-Exempt Employees within the State of California, including Plaintiffs, to work at least five (5) hours without an uninterrupted meal period, to work ten (10) hours without a second uninterrupted meal period and of failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is or was not provided, as required by California state wage and hour laws.

5.    From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of:  (a) failing to pay wages, including the required minimum wages for all hours worked by Neiman Non-Exempt Employees within the State of California, including Plaintiffs, in violation of California state wage and hour laws; (b) requiring employees to work off the clock for hours earned in a workweek and workday; (c) failing to accurately calculate and pay overtime premiums, (d) failing to provide accurate itemized records reflecting those hours worked, and (e) failing to provide accurate itemized wage statements.

6.    From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of unlawfully deducting earned wages from Neiman Non-Exempt Employees, including Plaintiffs, in violation of California state wage and hour laws.

7.    From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of failing to reimburse Neiman Non-Exempt Employees, including Plaintiffs, for expenses or losses incurred by employees in the discharge of their duties.

8.    Plaintiffs, on behalf of themselves and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 512, 510, 558, 1194, 1197, 2802 and California Code of Regulations, Title 8, section 11000 *et. seq.*, seeking payment of minimum wages for all hours worked during each workday and workweek and applicable overtime wages for all hours worked beyond 8 hour work days and 40 hour work weeks, unpaid rest and meal period compensation, penalties and reasonable attorneys' fees and costs.

1    9.   Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and

2   Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure

3   to pay wages, rest and meal period compensation, and reimburse expenses.

4                                         **II.**

5                                     **PARTIES**

6    10. Venue as to Defendant is proper in this judicial district pursuant to Code of Civil

7   Procedure section 395.  Defendant, THE NEIMAN MARCUS GROUP, INC., a Texas

8   corporation, has done and is doing business throughout the State of California, including without

9   limitation at the Fashion Island mall or center in the City of Newport Beach, Orange County.

10  Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful

11  acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State

12  of California and within Orange County.  Defendant employs or has employed numerous Class

13  Members in Orange County and throughout California.

14      **A.   Plaintiffs**

15   11. Plaintiffs are residents of Orange County, California. During the relevant times addressed

16  herein, Plaintiffs were employed by Defendant as non-exempt employees in the City of Newport

17  Beach or in the City of Beverly Hills, California and were employed by Defendants in non-

18  exempt capacities during the liability periods.

19   12. Plaintiff Holly Attia is and was at all relevant times a resident of Orange County,

20  California.  Her employment with Defendants at the Newport Beach location began on or about

21  October 4, 2010 and ended on or about September 16, 2015.  At all relevant times, she was

22  employed by Defendants as a non-exempt sales associate, including without limitation as a

23  Designated Sales Associate (DSA) for the Giorgio Armani merchandise line.

24   13. Plaintiff Roshanak Basti is and was at all relevant times a resident of Orange County,

25  California.  Her employment with Defendants at the Newport Beach location began on or about

26  June 15, 2005 and ended on or about June 22, 2015.  At all relevant times, she was employed by

27  Defendants as a non-exempt sales associate, including without limitation as a DSA for the

28  Chanel merchandise line.

- 4 -

14. Plaintiff Niloofar Eshaghbeigl is and was at all relevant times a resident of Orange County, California.  Her employment with Defendants at the Newport Beach location began on or about January 2013 and ended on or about February 24, 2015.  At all relevant times, she was employed by Defendants as a non-exempt sales associate, including without limitation as a DSA for the Eli Tahari merchandise line.

15. Plaintiff Michelle Girard is and was at all relevant times a resident of Orange County, California.  Her employment with Defendants began in or about December 1999 and ended on or about September 16, 2015.  Plaintiff Girard has worked at both the Newport Beach and Beverly Hills locations.  From June 2012 until the end of her employment, she was employed by Defendants as a non-exempt sales associate, including without limitation as a personal shopper and as a DSA for the Chanel merchandise line.

16. Plaintiff Elise Kelly is and was at all relevant times a resident of Orange County, California.  Her employment with Defendants at the Newport Beach location began on or about November 22, 2010 and ended on or about October 8, 2015.  At all relevant times, she was employed by Defendants as a non-exempt sales associate, including as a DSA for Armani Collezioni and NM Luxury Essentials merchandise lines.

17. Plaintiff Kim Marconi is and was at all relevant times a resident of Orange County, California.  Her employment with Defendants at the Newport Beach location began on or about August 22, 2005 and ended on or about August 12, 2015.  At all relevant times, she was employed by Defendants as a non-exempt sales associate, including as a personal shopper for the Chanel merchandise line.

18. Plaintiff Isabel Romero is and was at all relevant times a resident of Orange County, California.  Her employment with Defendants at the Newport Beach location began in or about November 2013 and ended on or about October 7, 2015.  At all relevant times, she was employed by Defendants as a non-exempt sales associate.

19. Plaintiff David Tolbert is and was at all relevant times a resident of Orange County, California.  His employment with Defendants at the Newport Beach location began on or about April 9, 2011 and ended on or around October 12, 2015.  At all relevant times, he was employed

1   by Defendants as a non-exempt sales associate working in various areas of the store including

2   cosmetics and fine apparel.

3       20. As Neiman employees, Plaintiffs, and the Class they seek to represent, were regularly

4   required to:

5           (a)  work "off the clock" for hours earned in a workweek and workday;

6           (b)  work  without compensation of the required minimum hourly wage;

7           (c)  work without compensation of all wages owed;

8           (d)  work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek

9                without proper overtime compensation at the rate of time and one-half (1 1/2) of his

10               regular rate of pay and failing to properly calculate the overtime premium rate by

11               failing to include the shift differential in the hourly rate;

12           (e)   work without being permitted or authorized a minimum ten-minute rest period for

13                every four hours or major fraction thereof worked and without being compensated

14                one (1) hour of pay at this regular rate of compensation for each workday that a rest

15                period was not provided,

16           (f)  work in excess of five (5) hours per day without being provided a meal period, work

17                in excess of ten hours per day without being provided a second meal period, take

18                interrupted meal periods, and remain on the premises during their meal period while

19                not being compensated one (1) hour of pay at the regular rate of compensation for

20                each workday that a meal period was interrupted and/or not provided, and

21           (g)  incurring expenses or losses necessary to employment or discharge of their duties

22                without reimbursement by Defendants, all in violation of California labor laws,

23                regulations, and the applicable Industrial Welfare Commission ("IWC") Wage

24                Orders.

25       21. In addition, Defendants maintained a consistent policy of unlawfully deducting wages

26   from those earned by Plaintiffs and the members of the Plaintiffs' Class.

27       22. Defendants willfully failed to pay all earned wages in a timely manner to its employees

28   and members of the Plaintiffs' Class.  Defendants also failed to timely pay to Plaintiffs or

- 6 -

1    members of the Class, upon or after termination of their employment with Defendant, all

2    compensation due, including but not limited to, for minimum regular and overtime wages earned

3    and for having failed to properly provide rest and meal periods.

4        23. Defendants also failed to provide accurate itemized wage statements to Plaintiffs and

5    members of the Class.

6        24. On information and belief, Plaintiffs and the members of the Plaintiffs' Class were

7    employees paid on a piece-rate basis under California law irrespective of their title.

8        **B.    Defendants**

9        25.  Defendant Neiman Marcus is a Texas corporation, with its headquarters in Dallas, Texas.

10   Neiman is a luxury retailer that offers upscale assortments of apparel, accessories, jewelry,

11   beauty and decorative home products to consumers in stores operating throughout the United

12   States and through online operations.  As relevant to this Complaint, Neiman Marcus owns and

13   operates approximately seven Neiman Marcus locations and seven Neiman Marcus Last Call

14   Clearance Centers throughout the state of California, including in the City of Newport Beach, in

15   the County of Orange.   Plaintiffs are informed and believe that Defendant employs non-exempt

16   sales associates, however titled, in each of its locations throughout the state of California.

17       26. The true names and capacities of Defendants, whether individual, corporate, associate, or

18   otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs,

19   who therefore sues Defendants by such fictitious names under Code of Civil Procedure section

20   474.  Plaintiffs are informed and believe, and based thereon alleges that each of the Defendants

21   designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

22   to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names

23   and capacities of the Defendants designated hereinafter as DOES when such identities become

24   known.

25       27. Plaintiffs are  informed and believe, and based thereon allege, that Defendant acted in all

26   respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

27   business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

28   attributable to the other Defendants.

**III.**

**JURISDICTION**

28. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

29. This Court has jurisdiction over this action pursuant to Code of Civil Procedure section 410.10 and Business and Professions Code sections 17203 and 17204.

30. This Court has jurisdiction over the Defendants because each Defendant is a person having sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over the Defendant by the California courts consistent with traditional notions of fair play and substantial justice.

**IV.**

**VENUE**

31. Venue is proper in the Superior Court of Orange County pursuant to Code of Civil Procedure section 395.5 because one or more of the violations alleged in this Complaint arise in that county.

**V.**

**FACTUAL BACKGROUND**

32.  Defendants operate and, at all times during the liability period, have conducted business in the city of Newport Beach located in Orange County, and elsewhere within California. Defendants operate retail stores throughout the state, where they sell upscale merchandise, including apparel, accessories, jewelry, beauty and decorative home products, to consumers.  At the Newport Beach location and throughout the state, Defendants have, among other things, employed persons, including Plaintiffs, as non-exempt employees working as sales associates, however titled.

33.  Plaintiffs and Neiman Non-Exempt Employees work(ed) in non-exempt, non-managerial

- 8 -

1  positions as "sales associates", however titled, and similar and incidental positions at the

2  Newport Beach location and elsewhere within California.

3      34. Plaintiffs and Neiman Non-Exempt Employees were not provided rest periods for work

4  periods of four hours or major fractions thereof or meal periods for work days in excess of five

5  (5) and or ten (10) hours; and were not compensated a one hour wage in lieu thereof in violation

6  of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare Commission Wage

7  Orders.

8      35. Plaintiffs are informed and believe, and based thereon allege, Defendants currently

9  employ and during the relevant period have employed hundreds of employees in the State of

10 California in non-exempt positions, such as sales employees and/or other similar positions.

11     36. Plaintiffs and Neiman Non-Exempt Employees are, and at all times pertinent hereto, have

12 been non-exempt employees within the meaning of the California Labor Code, and the

13 implementing rules and regulations of the IWC California Wage Orders.

14     37. During the liability period, Plaintiffs and members of the Plaintiffs' Class were employed

15 by Defendants throughout California as Neiman Non-Exempt Employees and were paid on an

16 non-exempt basis based upon a piece rate calculation, i.e. Neiman paid Plaintiffs and Neiman

17 Non-Exempt Employees their wages based upon the employee's piece rate for a given work day

18 and work week in a compensation period.

19     38.     Plaintiffs and Class Members were regularly required to work in excess of five (5)

20 and/or ten (10) hours per day, without being provided meal periods as mandated under the

21 California Labor Code and the implementing rules and regulations of the IWC California Wage

22 Orders.  Plaintiffs and members of the Plaintiffs' Class of Neiman Non-Exempt Employees were

23 not provided lawful meal and rest periods and were not provided with one hour wages in lieu

24 thereof in one or more of the following manners:

25      a.  employees were required to work through their daily meal period(s), take less

26          than a thirty (30) minute uninterrupted meal period, or work an unlawful "on-duty

27          meal period," and were effectively unable to leave the Newport Beach location

28          premises for meals due to the time constraints and requirements placed upon them

by Neiman; and

    b.  employees were severely restricted in their ability to take a rest and meal periods.

39. During the rest and meal period liability period, Plaintiffs and the members of the Plaintiffs' Class of Neiman Non-Exempt Employees were regularly required to work in excess of four hours without being provided a rest period . Defendants neither permitted nor authorized Plaintiffs and Class Members to take lawful meal and rest periods. Plaintiffs and Class Members did not waive meal and rest periods during the liability period. Defendants did not fully compensate Plaintiffs and Neiman Non-Exempt Employees for hourly wages during the liability period and did not compensate Neiman Non-Exempt Employees for Defendant's failure to provide rest periods and meal periods during the rest and meal period liability period.

40. Throughout the liability period, Plaintiffs and the members of the Plaintiffs' Class of Neiman Non-Exempt Employees were regularly required to work "off the clock" or without compensation. Defendants did not fully compensate Plaintiffs and Neiman Non-Exempt Employees for hourly wages during the liability period.

41. Throughout the liability periods, Defendants had and continue to have a consistent policy of not compensating Plaintiffs and Neiman Non-Exempt Employees correctly calculated overtime premiums by failing to include all forms of compensation in overtime calculations and the required minimum wage for all hours worked. Upon information and belief, Defendants failed to ensure that Plaintiffs and Neiman Non-Exempt Employees were paid at least the required legal minimum wage for each hour worked. Additionally, upon information and belief, Defendants failed to include on the pay check stubs of Plaintiffs and Neiman Non-Exempt Employees the total number of hours worked, the number of pieces produced, and the rate the employee was paid for each piece produced. Such actions were and continue to be in violation of the California Labor Code and applicable IWC Wage Orders.

42. On information and belief, Defendants knew or should have known that it is improper to commit the following unlawful acts:

    (a)  requiring employees to work four hours or a major fraction thereof without being provided a minimum ten-minute rest period and not compensate the employees with one (1) hour

- 10 -

CLASS ACTION COMPLAINT

of pay at the employees' regular rate of compensation for each workday that a rest period was not provided**;**

    (b)   requiring employees to work in excess of five hours and ten hours per day without being provided a meal period and/or a second meal period and not compensate employees with one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided;

    (c)   requiring non-exempt employees to work through rest and meal periods without proper legal compensation;

    (d)   failing to pay non-exempt employees the required minimum wages due and owed for each hour worked;

    (e)   failing to pay non-exempt employees the wages due and owed for all overtime hours worked in excess of eight hours in a work day and forty hours in a work week;

    (f)   failing to properly describe the piece rate calculation used to calculate wages paid to non-exempt employees in a given pay period;

    (g)   failing to accurately calculate overtime premiums; and

    (h)   failing to pay all wages due and owing upon separation from Defendant's employ.

43. In addition to the violations above, Defendants' requirement that Neiman Non-Exempt Employees, including Plaintiffs, work through meal and rest periods without being paid legal compensation for Defendants' failure to provide rest or meal periods, all during the liability periods, was willful and deliberate.

44. Defendants willfully failed to pay on time to Plaintiffs and other Class Members the legal minimum and overtime wages they earned, failed to provide rest and meal periods during which former Neiman Non-Exempt Employees were required to work, and willfully failed to pay one hour wages in lieu of such rest and meal periods, when each such employee quit or was discharged.

45. Defendants have made it difficult to determine applicable piece rates and account with precision for the unlawfully withheld wages and deductions due to be paid to Neiman non-exempt employees, including Plaintiffs, during the liability period because they did not

CLASS ACTION COMPLAINT

implement and preserve a lawful record-keeping method to record all non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.  Plaintiffs and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

46. Plaintiffs and the Class they seek to represent are covered by applicable California Industrial Welfare Commission Occupational Wage Orders.

## IV.

## CLASS ACTION ALLEGATIONS

47. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the Code of Civil Procedure.  Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who, within the liability period of the filing of this Complaint, have worked as sales associates and in any other similar position that did not consist of over 50% administrative, executive, or professional duties and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime.

48. Plaintiffs also seek to represent a Subclass composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and were not paid minimum wages for each hour worked.

49.        Plaintiffs also seeks to represent Subclasses composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided compensation;

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the

- 12 -

CLASS ACTION COMPLAINT

liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided been provided a meal period for each day in which such non-exempt employees worked in excess of five and/or ten hours and were not provided compensation of one hour pay for each day on which such meal period was not provided;

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not were not paid all wages due and owing upon separation from Defendant's employ;

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and incurred expenses or losses necessary to employment with Defendant but were not reimbursed for such expenses or losses;

and

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided accurate itemized wage statements;

50. Plaintiffs reserve the right under Rule 3.765, California Rules of Court, to amend or modify the class description to provide greater specificity or to further divide the Class Members into subclasses or limit the subclasses to particular issues.

51. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

52. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, as many as several thousand employees within the State of California, in positions as Neiman Non-Exempt Employees during the liability

1    period and who are or have been affected by Defendants' unlawful practices as alleged herein.

2    53. Accounting for employee turnover during the relevant periods necessarily increases this

3    number substantially.  Plaintiffs allege Defendants' employment records would provide

4    information as to the number and location of all Class Members.  Joinder of all members of the

5    proposed Class is not practicable.

6

7    **B. Commonality**

8    54. There are questions of law and fact common to the Class predominating over any

9    questions affecting only individual Class Members.  These common questions of law and fact

10   include, without limitation:

11       a.   Whether Defendants violated Labor Code section 510, the applicable IWC Wage

12          Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq*. by failing to accurate

13          calculate overtime rates;

14       b.   Whether Defendants violated Labor Code sections 226.7, 512, the applicable IWC

15          Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq*. by failing to

16          provide daily rest periods to Neiman Non-Exempt Employees within the State of

17          California for every four hours or major fraction thereof worked and failing to

18          compensate said employees one hours wages in lieu of such rest periods;

19       c.   Whether Defendants violated Labor Code sections  226.7, 512 and the applicable

20          IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq*. by failing

21          to provide a meal period to Neiman Non-Exempt Employees within the State of

22          California on days they worked work periods in excess of five hours and/or ten

23          hours and failing to compensate said employees one hours wages in lieu of meal

24          periods;

25       d.   Whether Defendants violated sections 226 of the Labor Code and applicable IWC

26          Wage Orders by failing to, among other violations, maintain accurate records of

27          Class Members' earned wages, piece rates used to calculate such wages, work

28          periods, meal periods, deductions and proper overtime calculations.

- 14 -

e.   Whether Defendants violated sections of the Labor Code including sections 1194 and 1197, and applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to compensate its non-exempt employees, including Plaintiffs and the Plaintiffs' Class, all wages owed to compensate Plaintiffs and members of Plaintiffs' Class the required minimum wage rate for each hour worked.

f.   Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages including premium wages or reimbursements due and owing at the time that any Class member's employment with Defendants terminated;

g.   Whether Defendants violated section 2802 of the Labor Code by failing to reimburse employees for necessary expenditures;

h.   Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to reimburse employees; for failing to provide rest and/or meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided; failing to pay minimum wages for each hour worked; failing to properly calculate overtime premiums; and failing to keep accurate records;

i.   Whether Defendants violated section 17200 *et. seq.* of the Business and Professions Code and Labor Code sections 201, 202, 203, 218.6, 226, 226.7, 510, 512, 1194, 1194.5, 2802 and the applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

j.   Whether Plaintiffs and the Members of the Plaintiffs' Class are entitled to equitable or other relief pursuant to Business and Professions Code section 17200, *et. seq*.

**C. Typicality**

55. The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged

- 15 -

1    herein.

2        **D. Adequacy of Representation**

3        56. Plaintiffs will fairly and adequately represent and protect the interests of the members of

4    the Class.  Counsel who represent Plaintiffs are competent and experienced in litigating large

5    employment class actions.

6        **E. Superiority of Class Action**

7        57.  A class action is superior to other available means for the fair and efficient adjudication

8    of this controversy.  Individual joinder of all Class Members is not practicable, and questions of

9    law and fact common to the Class predominate over any questions affecting only individual

10   members of the Class.  Each member of the Class has been damaged and is entitled to recovery

11   by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

12   Members for all wages earned and engaging in the unlawful practices herein complained of, and

13   denying Class Members rest and meal periods without legal compensation.

14       58. Class action treatment will allow those similarly situated persons to litigate their claims

15   in the manner that is most efficient and economical for the parties and the judicial system.

16   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of

17   this action that would preclude its maintenance as a class action.

18                                   **V.**

19                          **CAUSES OF ACTION**

20                        **First Cause of Action**

21              ***Failure to Pay Hourly and Overtime Wages***

22                         Labor Code § 510

23                       (Against All Defendants)

24       59.        Plaintiffs incorporate paragraphs 1 through 58 as though fully set forth herein.

25   During the hourly and overtime liability period, Defendants have had a consistent policy of

26   failing to pay overtime at their employees' regular rate of pay to Non-Exempt Employees within

27   the State of California in violation of California state wage and hour laws by requiring

28   employees, including Plaintiffs, to, among other Labor Code violations, work "off the clock" in a

workweek and without legal overtime compensation.

60.     During the hourly and overtime liability period, Defendants have had a consistent policy of requiring non-exempt employees to work in excess of 40 hours in a workweek and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

61.     On information and belief, during the hourly and overtime liability period, Defendants failed to properly calculate all forms of compensation for premium pay rates.

62.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 510, 1194 and 1199.

63.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

**Second Cause of Action**

***Failure to Pay Minimum Wages***

Labor Code §§ 1194, 1997

(Against All Defendants)

64. Plaintiffs incorporate paragraphs 1 through 63 as though fully set forth herein.

65. On information and belief and based on that information and belief, Defendant compensated its non-exempt employees on a piece rate basis.

66. On information and belief, Defendant failed to pay its non-exempt employees a minimum wage for each hour worked.  Defendant required Plaintiffs and Members of the Class to remain under the control of Defendant without payment of wages.

67. On information and belief, this controlled time was not compensated time.

68. During the liability period, Defendants have had a consistent policy of requiring employees to perform work off the clock for which they were not compensated.

69. On information and belief, Defendants willfully violated the provisions of the Labor

Code, among others, §§1194, 1197 and the applicable IWC Order.

70.  As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 558, 1194, 1197 and the applicable IWC Order.

71.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

### Third Cause of Action

### *Failure to Provide Rest Periods and/or Meal Periods*

### *or Compensation in Lieu Thereof*

Labor Code §§ 226.7, 512

(Against All Defendants)

72. Plaintiffs incorporate paragraphs 1 through 71 as though fully set forth herein.

73. By their failure to provide rest periods for every four hours or major fraction thereof worked per day by Plaintiffs and the Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7, 512 and the applicable IWC Wage Orders.

74. Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods and/or they were not relieved for a full thirty minute meal period and/or they were not given a second meal period in excess of ten hours worked.

75. During the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take certain required rest periods and meal periods.

76. By their failure to provide meal periods for days on which Plaintiffs and non-exempt employees work(ed) work periods in excess of five and or ten hours, and their failure to provide compensation for such non-provided meal periods, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Orders.

- 18 -

1   77. By their failure to provide rest periods for days on which Plaintiffs and non-exempt

2   employees work(ed) work periods in excess of four hours, and their failure to provide

3   compensation for such non-provided rest periods, Defendants willfully violated the provisions of

4   Labor Code section 226.7 and 512 and applicable IWC Wage Orders.

5   78. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

6   represent have been deprived of premium wages in amounts to be determined at trial, and are

7   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

8   costs, under Labor Code sections 226.7, 512 and the applicable IWC Wage Orders.

9   **Fourth Cause of Action**

10   ***Failure to Indemnify Necessary Expenditures***

11   (Against All Defendants)

12   79. Plaintiff incorporates by reference paragraphs 1 through 78 above, and realleges each and

13   every allegation contained above as though fully set forth herein.

14   80. Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for

15   necessary expenditures incurred in direct consequence of the discharge of his or her duties.

16   81. Plaintiffs, and on information and belief members of the Class, were required to incur

17   expenses in the performance of their assigned job duties.

18   82. Upon information and belief, the Defendants did not reimburse Plaintiffs or the Plaintiff's

19   class for such expenses.

20   83. As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Class

21   Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and

22   are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees,

23   and costs, pursuant to Labor Code §2802.

24   **Fifth Cause of Action**

25   ***Failure to Timely Pay Wages Due At Termination***

26   Labor Code § 203

27   (Against All Defendants)

28   84. Plaintiffs incorporate paragraphs 1 through 83 as though fully set forth herein.

- 19 -

1   85. Sections 201 and 202 of the California Labor Code require Defendant to pay its
2   employees all wages due within 72 hours of termination of employment. Section 203 of the
3   Labor Code provides that if an employer willfully fails to timely pay such wages the employer
4   must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in
5   full or an action is commenced. The penalty cannot exceed 30 days of wages.

6   86. Plaintiffs and the Class they seek to represent are entitled to compensation for all forms
7   of wages earned, including, but not limited to, compensation for non-provided rest periods and
8   non-provided meal periods, minimum wages for each hour worked, including failing to pay
9   overtime wages or and properly calculate overtime wages, but to date have not received such
10  compensation therefore, thus requiring Defendants to pay penalties under Labor Code section
11  203.

12  87. More than 30 days have passed since Plaintiffs and certain other affected Class Members
13  have left Defendants' employ, and they have not received payment pursuant to Labor Code
14  section 203.

15  88. As a consequence of Defendants' willful conduct of not paying all earned wages,
16  Plaintiffs and certain Class Members are entitled to 30 days' wages as a penalty under Labor
17  Code section 203 for Defendants' failure to pay legal wages.

18  89. Plaintiffs and certain Class Members are also entitled to an additional 30 days' wages as
19  a penalty under Labor Code section 203 for Defendants' willful failure to pay one hours wage in
20  lieu thereof for rest and meal period violations and failure to pay all wages owed together with
21  interest thereon and attorneys' fees and costs.

22  **Sixth Cause of Action**

23  ***Knowing and Intentional Failure to Comply With Itemized Employee***

24  ***Wage Statement Provisions***

25  Labor Code § 226

26  (Against All Defendants)

27  90.      Plaintiffs incorporate paragraphs 1 through 89 as though fully set forth herein.
28  Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements

- 20 -

all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and accurately pay minimum and overtime wages to Plaintiffs and members the proposed Class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements that should have been provided to Plaintiffs and members of the proposed class.

91.     Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

92.     IWC Wage Orders require Defendants to maintain time records showing, among other items, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement.  Defendants must show all deductions and reimbursements from payment of wages, and must accurately report total hours worked by Plaintiffs and the members of the proposed class, and must provide them with an itemized statement listing the number of piece-rate units earned and any applicable piece rate if an employee is paid on a piece-rate basis.

93.     Defendants have failed to record all or some of the items delineated in the applicable Industrial Wage Orders and Labor Code section 226.

94.     Pursuant Labor Code section 226, Plaintiffs and Class Members are each entitled up to a maximum of $4,000.00 for Defendants' record-keeping violations.

**Seventh Cause of Action**

***Violation of Unfair Competition Law***

Cal. Bus. & Prof. Code §§ 17200, et. seq.

(Against All Defendants)

95. Plaintiffs  incorporate paragraphs 1 through 94 as though fully set forth herein.

96. Defendants have engaged in unlawful activity prohibited by Business and Professions

Code section 17200 *et. seq*. for actions including, but not limited to, the following:

        i.  requiring work "off the clock," for example by not paying employees for their time worked;

        ii.  requiring work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without paying compensation at the rate of time and one-half (1 1/2) of an employee's regular rate of pay or failing to accurately calculate overtime rates;

        iii.  requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a rest period;

        iv.  requiring employees to work in excess of five hours and/or ten hours per day without being provided a meal period and/or a second meal period and/or requiring employees to remain on Defendants premises during their meal period and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

        v.  failing to pay non-exempt employees the required minimum wages due and owed for each hour worked;

        vi.  failing to pay overtime premiums;

        vii.  failing to reimburse employees for expenses incurred; and

        vii. failing to properly describe the piece rate calculation used to calculate wages paid to non-exempt employees in a given pay period.

97. The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200, *et. seq.*

98. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the Class they seek to represent.  Defendants should be enjoined from such activity and made to restore to Plaintiffs and the members of the Plaintiffs' Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon allege, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to

- 22 -

pay legal wages and/or other compensation for working through meal periods, and by failing to pay compensation for non-provided rest periods to Plaintiffs and members of the Plaintiffs' Class.  Plaintiffs and members of the Plaintiffs' Class are prejudiced by Defendants' unfair trade practices.

99. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all Class Members similarly situated, are entitled to restitution of all wages which have been unlawfully withheld from Plaintiffs and members of the Plaintiffs' Class as a result of Defendants' business acts and practices described herein.

# VI.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment as follows:

1.  That the Court determine this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

5.  That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition pursuant to California Business and Professions Code sections 17203 and 17204;

6.  For premium pay and penalties pursuant to Labor Code section 203, 226, 226.7, 512;

7.  For minimum wages and premium wages pursuant to Labor Code sections 1194, 510;

8.  For un-reimbursed sums pursuant to Labor Code section 2802;

9.  For attorneys' fees, interests and costs of suit under Labor Code section 1194; and

10. For such other and further relief as the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2

1.      Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

3

4

**Dated:   December 31, 2015**       **JAMES HAWKINS APLC**

5

/s/ James R. Hawkins

6

7

James R. Hawkins, Esq.
Christina M. Lucio, Esq.,

8

Attorneys for Plaintiffs
Holly Attia, Roshanak Basti,

9

Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
Kim Marconi, Isabel Romero, David Tolbert,

10

on behalf of themselves and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

CLASS ACTION COMPLAINT

James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, Esq. SBN 253677
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiffs, Holly Attia, Roshanak Basti,
Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
Kim Marconi, Isabel Romero, David Tolbert,
on behalf of themselves and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves individually and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE NEIMAN MARCUS GROUP, INC., a Texas Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  30-2015-00827743-CU-OE-CXC <br> Assigned For All Purposes to: <br> Hon. Thierry Patrick Colaw <br> CX-105 <br><br> **NOTICE OF MINUTE ORDER** <br><br><br><br> Date:   March 21, 2016 <br> Time:   9:00 a.m. <br> Dept:   CX-105 |

- 1 -
NOTICE OF MINUTE ORDER

1   TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   Please take notice that the Court has deemed this case to be complex and thus exempt from the

3   case disposition time goals imposed by CRC §3.714. The Court has also set an Initial Status

4   Conference for March 21, 2016 at 9:00 a.m. in Department CX-105 of the above entitled Court

5   located at 751 West Santa Ana Boulevard, Santa Ana, CA 92701.

6   A true and correct copy of the Court's February 10, 2016 Minute Order is attached hereto as

7   exhibit A.

8

9   Date: February 16, 2016                   JAMES HAWKINS APLC

10                                            _____

11                                            James R. Hawkins, Esq.
                                             Christina M. Lucio, Esq.
12                                            Attorneys for Plaintiffs, Holly Attia,
                                             Roshanak Basti, Niloofar Eshaghbeigl, Michelle
13                                            Girard, Elise Kelley, Kim Marconi, Isabel Romero,
                                             David Tolbert,on behalf of themselves and all others
14                                            similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
NOTICE OF MINUTE ORDER

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MINUTE ORDER

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

## MINUTE ORDER

DATE: 02/10/2016                 TIME: 10:38:00 AM        DEPT:  CX105
JUDICIAL OFFICER PRESIDING: Thierry Patrick Colaw
CLERK:  P. Rief
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Gracie Valenzuela

CASE NO: **30-2015-00827743-CU-OE-CXC** CASE INIT.DATE: 12/31/2015
CASE TITLE: **Attia vs. The Neiman Marcus Group, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72318478
**EVENT TYPE**: Chambers Work

## APPEARANCES

There are no appearances by any party.

The court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**A Status Conference is hereby scheduled for 03/21/2016 at 09:00 AM in Department CX105.**

Plaintiffs shall, at least five court days before the hearing, file with the court and serve on all parties of record or known to Plaintiffs a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiffs shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to Plaintiffs, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiffs by e-Service. Plaintiffs are ordered to give notice to all other parties.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Attia vs. The Neiman Marcus Group, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2015-00827743-CU-OE-CXC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 02/10/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on February 10, 2016, at 10:53:08 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

CHRISTINA M LUCIO
CHRISTINA@JAMESHAWKINSAPLC.COM

JAMES HAWKINS
JAMES@JAMESHAWKINSAPLC.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1

## PROOF OF SERVICE, COUNTY OF ORANGE

2

3   I am a resident of the State of California, County of Orange.  I am over the age of eighteen

4   years and not a party to the within action.  My business address is 9880 Research Drive., Suite

5   200, Irvine, California 92618.

6

7   On February 16, 2016, I served on the interested parties in this action the following

8   document(s) entitled:

9   • **NOTICE OF MINUTE ORDER**

10  [XX]  BY MAIL: Based on an agreement by the parties to accept service by NOTICE OF
           ACKNOWLEDGEMNT AND RECEIPT I enclosed the document(s) in a sealed
11         envelope or package addressed to the persons at the addresses listed in the Service List
           below and placed the envelope for collection and mailing, following our ordinary business
12         practices. I am readily familiar with the firm's practice for collecting and processing
           correspondence for mailing. On the same day that the correspondence is placed for
13         collection and mailing, it is deposited in the ordinary course of business with the United
           States Postal Service, in a sealed envelope with postage fully prepaid.
14

15                            ## SERVICE LIST

16                                JONES DAY
17                             Cindi Ritchey, Esq.
                          12265 El Camino Real, Suite 300
18                             San Diego, CA 92130

19

20

21  [ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that

22  the above is true and correct.

23

24                        Executed on February 16, 2016, at Irvine, California

25                                            /s/ Victor Barajas

26                                            Victor Barajas

27

28

                                    - 4 -
                          NOTICE OF MINUTE ORDER

1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Christina M. Lucio, Esq. SBN 253677
   christina@jameshawkinsaplc.com
3  9880 Research Drive, Suite 200
   Irvine, CA 92618
4  TEL:   (949) 387-7200
   FAX:   (949) 387-6676
5
6  Attorneys for Plaintiffs, Holly Attia, Roshanak Basti,
   Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
7  Kim Marconi, Isabel Romero, David Tolbert,
   on behalf of themselves and all others similarly situated
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/11/2016** at 02:19:00 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

9
10            SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                          COUNTY OF ORANGE

| | |
|---|---|
| 12 HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves individually and all others similarly situated, | Case No.  30-2015-00827743-CU-OE-CXC Assigned For All Purposes to: Hon. Thierry Patrick Colaw CX-105 |

13
14
15

        Plaintiffs,

16

vs.

18
19  THE NEIMAN MARCUS GROUP, INC., a
20  Texas Corporation; and DOES 1 through 100,
    inclusive,
21
        Defendants.
22

**FIRST AMENDED COMPLAINT:**

1) Failure to Pay Hourly Wages and Overtime Wages
2) Failure to Pay Minimum Wages
3) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof
4) Failure to Indemnify Necessary Expenses
5) Failure to Timely Pay Wages Due at Termination
6) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions
7) Violations of the Unfair Competition Law
8) Private Attorneys' General Act of 2004, Labor Code 2698 *et seq.*

**JURY TRIAL DEMANDED**

- 1 -

FIRST AMENDED COMPLAINT

Plaintiffs, HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves individually and all others similarly situated, (collectively "Plaintiffs") complain of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs and all employees, including but not limited to all employees not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities ("Non-Exempt Employees") employed by, or formerly employed by, THE NEIMAN MARCUS GROUP, INC., a Texas Corporation (hereinafter "NEIMAN" or "Defendant"), within the State of California.

2.   During the liability period, as defined as the applicable statute of limitations for each and every cause of action contained herein, i.e. Plaintiffs' claims under the Unfair Competition Law is four (4) years; Plaintiffs' claims for either unpaid wages or actual damages is three (3) years; and Plaintiffs' claims for statutory penalties is one (1) year from the filing of this action and through to the present (hereinafter "the liability period"), Defendant consistently maintained and enforced against Neiman Non-Exempt Employees the following unlawful practices and policies, among others, in violation of California state wage and hour laws, failing to accurately pay all employees earned wages for hours worked including the required overtime and minimum wage for all hours worked and failing to provide meal and/or rest periods.

3.   From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of failing to provide Neiman Non-Exempt Employees in the State of California, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

- 2 -

FIRST AMENDED COMPLAINT

4.   From at least four years prior to the filing of this complaint and continuing to the present (hereinafter referred to as the "rest and meal period liability period"), Defendant has maintained a consistent policy of requiring Neiman Non-Exempt Employees within the State of California, including Plaintiffs, to work at least five (5) hours without an uninterrupted meal period, to work ten (10) hours without a second uninterrupted meal period and of failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is or was not provided, as required by California state wage and hour laws.

5.   From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of:  (a) failing to pay wages, including the required minimum wages for all hours worked by Neiman Non-Exempt Employees within the State of California, including Plaintiffs, in violation of California state wage and hour laws; (b) requiring employees to work off the clock for hours earned in a workweek and workday; (c) failing to accurately calculate and pay overtime premiums, (d) failing to provide accurate itemized records reflecting those hours worked, and (e) failing to provide accurate itemized wage statements.

6.   From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of unlawfully deducting earned wages from Neiman Non-Exempt Employees, including Plaintiffs, in violation of California state wage and hour laws.

7.   From at least four years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of failing to reimburse Neiman Non-Exempt Employees, including Plaintiffs, for expenses or losses incurred by employees in the discharge of their duties.

8.   Plaintiffs, on behalf of themselves and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 512, 510, 558, 1194, 1197, 2802, 2698 *et seq.,* applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11000 *et. seq.*, seeking payment of minimum wages for all hours worked during each workday and workweek and applicable overtime wages for all hours worked beyond 8 hour work days and 40 hour work weeks, unpaid rest and meal period compensation,

- 3 -

FIRST AMENDED COMPLAINT

1    penalties and reasonable attorneys' fees and costs.

2        9.   Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and

3    Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure

4    to pay wages, rest and meal period compensation, and reimburse expenses.

5    **II.**

6    **PARTIES**

7        10. Venue as to Defendant is proper in this judicial district pursuant to Code of Civil

8    Procedure section 395.  Defendant, THE NEIMAN MARCUS GROUP, INC., a Texas

9    corporation, has done and is doing business throughout the State of California, including without

10   limitation at the Fashion Island mall or center in the City of Newport Beach, Orange County.

11   Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful

12   acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State

13   of California and within Orange County.  Defendant employs or has employed numerous Class

14   Members in Orange County and throughout California.

15       **A.**   **Plaintiffs**

16       11. Plaintiffs are residents of Orange County, California. During the relevant times addressed

17   herein, Plaintiffs were employed by Defendant as non-exempt employees in the City of Newport

18   Beach or in the City of Beverly Hills, California and were employed by Defendants in non-

19   exempt capacities during the liability periods.

20       12. Plaintiff Holly Attia is and was at all relevant times a resident of Orange County,

21   California.  Her employment with Defendants at the Newport Beach location began on or about

22   October 4, 2010 and ended on or about September 16, 2015.  At all relevant times, she was

23   employed by Defendants as a non-exempt sales associate, including without limitation as a

24   Designated Sales Associate (DSA) for the Giorgio Armani merchandise line.

25       13. Plaintiff Roshanak Basti is and was at all relevant times a resident of Orange County,

26   California.  Her employment with Defendants at the Newport Beach location began on or about

27   June 15, 2005 and ended on or about June 22, 2015.  At all relevant times, she was employed by

28   Defendants as a non-exempt sales associate, including without limitation as a DSA for the

- 4 -

FIRST AMENDED COMPLAINT

Chanel merchandise line.

14. Plaintiff Niloofar Eshaghbeigl is and was at all relevant times a resident of Orange County, California. Her employment with Defendants at the Newport Beach location began on or about January 2013 and ended on or about February 24, 2015. At all relevant times, she was employed by Defendants as a non-exempt sales associate, including without limitation as a DSA for the Eli Tahari merchandise line.

15. Plaintiff Michelle Girard is and was at all relevant times a resident of Orange County, California. Her employment with Defendants began in or about December 1999 and ended on or about September 16, 2015. Plaintiff Girard has worked at both the Newport Beach and Beverly Hills locations. From June 2012 until the end of her employment, she was employed by Defendants as a non-exempt sales associate, including without limitation as a personal shopper and as a DSA for the Chanel merchandise line.

16. Plaintiff Elise Kelly is and was at all relevant times a resident of Orange County, California. Her employment with Defendants at the Newport Beach location began on or about November 22, 2010 and ended on or about October 8, 2015. At all relevant times, she was employed by Defendants as a non-exempt sales associate, including as a DSA for Armani Collezioni and NM Luxury Essentials merchandise lines.

17. Plaintiff Kim Marconi is and was at all relevant times a resident of Orange County, California. Her employment with Defendants at the Newport Beach location began on or about August 22, 2005 and ended on or about August 12, 2015. At all relevant times, she was employed by Defendants as a non-exempt sales associate, including as a personal shopper for the Chanel merchandise line.

18. Plaintiff Isabel Romero is and was at all relevant times a resident of Orange County, California. Her employment with Defendants at the Newport Beach location began in or about November 2013 and ended on or about October 7, 2015. At all relevant times, she was employed by Defendants as a non-exempt sales associate.

19. Plaintiff David Tolbert is and was at all relevant times a resident of Orange County, California. His employment with Defendants at the Newport Beach location began on or about

- 5 -

April 9, 2011 and ended on or around October 12, 2015.  At all relevant times, he was employed by Defendants as a non-exempt sales associate working in various areas of the store including cosmetics and fine apparel.

20. As Neiman employees, Plaintiffs, and the Class they seek to represent, were regularly required to:

(a) work "off the clock" for hours earned in a workweek and workday;

(b) work  without compensation of the required minimum hourly wage;

(c) work without compensation of all wages owed;

(d) work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without proper overtime compensation at the rate of time and one-half (1 1/2) of his regular rate of pay and failing to properly calculate the overtime premium rate by failing to include the shift differential in the hourly rate;

(e)  work without being permitted or authorized a minimum ten-minute rest period for every four hours or major fraction thereof worked and without being compensated one (1) hour of pay at this regular rate of compensation for each workday that a rest period was not provided,

(f) work in excess of five (5) hours per day without being provided a meal period, work in excess of ten hours per day without being provided a second meal period, take interrupted meal periods, and remain on the premises during their meal period while not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was interrupted and/or not provided, and

(g) incurring expenses or losses necessary to employment or discharge of their duties without reimbursement by Defendants, all in violation of California labor laws, regulations, and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

21. In addition, Defendants maintained a consistent policy of unlawfully deducting wages from those earned by Plaintiffs and the members of the Plaintiffs' Class.

22. Defendants willfully failed to pay all earned wages in a timely manner to its employees

- 6 -

FIRST AMENDED COMPLAINT

and members of the Plaintiffs' Class.  Defendants also failed to timely pay to Plaintiffs or members of the Class, upon or after termination of their employment with Defendant, all compensation due, including but not limited to, for minimum regular and overtime wages earned and for having failed to properly provide rest and meal periods.

23. Defendants also failed to provide accurate itemized wage statements to Plaintiffs and members of the Class.

24. On information and belief, Plaintiffs and the members of the Plaintiffs' Class were employees paid on a piece-rate basis under California law irrespective of their title.

**B.    Defendants**

25.  Defendant Neiman Marcus is a Texas corporation, with its headquarters in Dallas, Texas. Neiman is a luxury retailer that offers upscale assortments of apparel, accessories, jewelry, beauty and decorative home products to consumers in stores operating throughout the United States and through online operations.  As relevant to this Complaint, Neiman Marcus owns and operates approximately seven Neiman Marcus locations and seven Neiman Marcus Last Call Clearance Centers throughout the state of California, including in the City of Newport Beach, in the County of Orange.   Plaintiffs are informed and believe that Defendant employs non-exempt sales associates, however titled, in each of its locations throughout the state of California.

26. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiffs are informed and believe, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

27. Plaintiffs are  informed and believe, and based thereon allege, that Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

- 7 -

1 | attributable to the other Defendants.

## III.

## JURISDICTION

28. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

29. This Court has jurisdiction over this action pursuant to Code of Civil Procedure section 410.10 and Business and Professions Code sections 17203 and 17204.

30. This Court has jurisdiction over the Defendants because each Defendant is a person having sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over the Defendant by the California courts consistent with traditional notions of fair play and substantial justice.

## IV.

## VENUE

31. Venue is proper in the Superior Court of Orange County pursuant to Code of Civil Procedure section 395.5 because one or more of the violations alleged in this Complaint arise in that county.

## V.

## FACTUAL BACKGROUND

32. Defendants operate and, at all times during the liability period, have conducted business in the city of Newport Beach located in Orange County, and elsewhere within California. Defendants operate retail stores throughout the state, where they sell upscale merchandise, including apparel, accessories, jewelry, beauty and decorative home products, to consumers. At the Newport Beach location and throughout the state, Defendants have, among other things, employed persons, including Plaintiffs, as non-exempt employees working as sales associates, however titled.

33. Plaintiffs and Neiman Non-Exempt Employees work(ed) in non-exempt, non-managerial positions as "sales associates", however titled, and similar and incidental positions at the

- 8 -

Newport Beach location and elsewhere within California.

34. Plaintiffs and Neiman Non-Exempt Employees were not provided rest periods for work periods of four hours or major fractions thereof or meal periods for work days in excess of five (5) and or ten (10) hours; and were not compensated a one hour wage in lieu thereof in violation of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare Commission Wage Orders.

35. Plaintiffs are informed and believe, and based thereon allege, Defendants currently employ and during the relevant period have employed hundreds of employees in the State of California in non-exempt positions, such as sales employees and/or other similar positions.

36. Plaintiffs and Neiman Non-Exempt Employees are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

37. During the liability period, Plaintiffs and members of the Plaintiffs' Class were employed by Defendants throughout California as Neiman Non-Exempt Employees and were paid on an non-exempt basis based upon a piece rate calculation, i.e. Neiman paid Plaintiffs and Neiman Non-Exempt Employees their wages based upon the employee's piece rate for a given work day and work week in a compensation period.

38.      Plaintiffs and Class Members were regularly required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.  Plaintiffs and members of the Plaintiffs' Class of Neiman Non-Exempt Employees were not provided lawful meal and rest periods and were not provided with one hour wages in lieu thereof in one or more of the following manners:

  a. employees were required to work through their daily meal period(s), take less than a thirty (30) minute uninterrupted meal period, or work an unlawful "on-duty meal period," and were effectively unable to leave the Newport Beach location premises for meals due to the time constraints and requirements placed upon them by Neiman; and

- 9 -

FIRST AMENDED COMPLAINT

b.   employees were severely restricted in their ability to take a rest and meal periods.

39. During the rest and meal period liability period, Plaintiffs and the members of the Plaintiffs' Class of Neiman Non-Exempt Employees were regularly required to work in excess of four hours without being provided a rest period . Defendants neither permitted nor authorized Plaintiffs and Class Members to take lawful meal and rest periods. Plaintiffs and Class Members did not waive meal and rest periods during the liability period. Defendants did not fully compensate Plaintiffs and Neiman Non-Exempt Employees for hourly wages during the liability period and did not compensate Neiman Non-Exempt Employees for Defendant's failure to provide rest periods and meal periods during the rest and meal period liability period.

40. Throughout the liability period, Plaintiffs and the members of the Plaintiffs' Class of Neiman Non-Exempt Employees were regularly required to work "off the clock" or without compensation. Defendants did not fully compensate Plaintiffs and Neiman Non-Exempt Employees for hourly wages during the liability period.

41. Throughout the liability periods, Defendants had and continue to have a consistent policy of not compensating Plaintiffs and Neiman Non-Exempt Employees correctly calculated overtime premiums by failing to include all forms of compensation in overtime calculations and the required minimum wage for all hours worked.   Upon information and belief, Defendants failed to ensure that Plaintiffs and Neiman Non-Exempt Employees were paid at least the required legal minimum wage for each hour worked.  Additionally, upon information and belief, Defendants failed to include on the pay check stubs of Plaintiffs and Neiman Non-Exempt Employees the total number of hours worked, the number of pieces produced, and the rate the employee was paid for each piece produced.  Such actions were and continue to be in violation of the California Labor Code and applicable IWC Wage Orders.

42. On information and belief, Defendants knew or should have known that it is improper to commit the following unlawful acts:

(a)   requiring employees to work four hours or a major fraction thereof without being provided a minimum ten-minute rest period and not compensate the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not

- 10 -

1    provided;

2        (b)    requiring employees to work in excess of five hours and ten hours per day without

3    being provided a meal period and/or a second meal period and not compensate employees with

4    one (1) hour of pay at the regular rate of compensation for each workday that a meal period was

5    not provided;

6        (c)    requiring non-exempt employees to work through rest and meal periods without

7    proper legal compensation;

8        (d)    failing to pay non-exempt employees the required minimum wages due and owed

9    for each hour worked;

10       (e)    failing to pay non-exempt employees the wages due and owed for all overtime

11    hours worked in excess of eight hours in a work day and forty hours in a work week;

12       (f)    failing to properly describe the piece rate calculation used to calculate wages paid

13    to non-exempt employees in a given pay period;

14       (g)    failing to accurately calculate overtime premiums; and

15       (h)    failing to pay all wages due and owing upon separation from Defendant's employ.

16    43. In addition to the violations above, Defendants' requirement that Neiman Non-Exempt

17    Employees, including Plaintiffs, work through meal and rest periods without being paid legal

18    compensation for Defendants' failure to provide rest or meal periods, all during the liability

19    periods, was willful and deliberate.

20    44. Defendants willfully failed to pay on time to Plaintiffs and other Class Members the legal

21    minimum and overtime wages they earned, failed to provide rest and meal periods during which

22    former Neiman Non-Exempt Employees were required to work, and willfully failed to pay one

23    hour wages in lieu of such rest and meal periods, when each such employee quit or was

24    discharged.

25    45. Defendants have made it difficult to determine applicable piece rates and account with

26    precision for the unlawfully withheld wages and deductions due to be paid to Neiman non-

27    exempt employees, including Plaintiffs, during the liability period because they did not

28    implement and preserve a lawful record-keeping method to record all non-provided rest and meal

- 11 -

FIRST AMENDED COMPLAINT

periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders. Plaintiffs and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

46. Plaintiffs and the Class they seek to represent are covered by applicable California Industrial Welfare Commission Occupational Wage Orders.

**IV.**

**CLASS ACTION ALLEGATIONS**

47. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who, within the liability period of the filing of this Complaint, have worked as sales associates and in any other similar position that did not consist of over 50% administrative, executive, or professional duties and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime.

48. Plaintiffs also seek to represent a Subclass composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and were not paid minimum wages for each hour worked.

49.    Plaintiffs also seeks to represent Subclasses composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided compensation;

> All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional

- 12 -

FIRST AMENDED COMPLAINT

duties and have not been provided been provided a meal period for each day in which such non-exempt employees worked in excess of five and/or ten hours and were not provided compensation of one hour pay for each day on which such meal period was not provided;

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not were not paid all wages due and owing upon separation from Defendant's employ;

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and incurred expenses or losses necessary to employment with Defendant but were not reimbursed for such expenses or losses;

and

All persons who are employed or have been employed by Defendant in the State of California who have worked during the liability period as sales associates and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided accurate itemized wage statements;

50. Plaintiffs reserve the right under Rule 3.765, California Rules of Court, to amend or modify the class description to provide greater specificity or to further divide the Class Members into subclasses or limit the subclasses to particular issues.

51. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**

52. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, as many as several thousand employees within the State of California, in positions as Neiman Non-Exempt Employees during the liability period and who are or have been affected by Defendants' unlawful practices as alleged herein.

- 13 -

FIRST AMENDED COMPLAINT

53. Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B. Commonality**

54. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.  Whether Defendants violated Labor Code section 510, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq.* by failing to accurate calculate overtime rates;

b.  Whether Defendants violated Labor Code sections 226.7, 512, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq.* by failing to provide daily rest periods to Neiman Non-Exempt Employees within the State of California for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of such rest periods;

c.  Whether Defendants violated Labor Code sections  226.7, 512 and the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et. seq.* by failing to provide a meal period to Neiman Non-Exempt Employees within the State of California on days they worked work periods in excess of five hours and/or ten hours and failing to compensate said employees one hours wages in lieu of meal periods;

d.  Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Class Members' earned wages, piece rates used to calculate such wages, work periods, meal periods, deductions and proper overtime calculations.

e.  Whether Defendants violated sections of the Labor Code including sections  1194

- 14 -

FIRST AMENDED COMPLAINT

and 1197, and applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to compensate its non-exempt employees, including Plaintiffs and the Plaintiffs' Class, all wages owed to compensate Plaintiffs and members of Plaintiffs' Class the required minimum wage rate for each hour worked.

f.   Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages including premium wages or reimbursements due and owing at the time that any Class member's employment with Defendants terminated;

g.   Whether Defendants violated section 2802 of the Labor Code by failing to reimburse employees for necessary expenditures;

h.   Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to reimburse employees; for failing to provide rest and/or meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided; failing to pay minimum wages for each hour worked; failing to properly calculate overtime premiums; and failing to keep accurate records;

i.   Whether Defendants violated section 17200 *et. seq.* of the Business and Professions Code and Labor Code sections 201, 202, 203, 218.6, 226, 226.7, 510, 512, 1194, 1194.5, 2802 and the applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

j.   Whether Plaintiffs and the Members of the Plaintiffs' Class are entitled to equitable or other relief pursuant to Business and Professions Code section 17200, *et. seq.*

**C. Typicality**

55. The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

56. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

57. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

58. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**V.**

**CAUSES OF ACTION**

**First Cause of Action**

***Failure to Pay Hourly and Overtime Wages***

Labor Code § 510

(Against All Defendants)

59. Plaintiffs incorporate paragraphs 1 through 58 as though fully set forth herein. During the hourly and overtime liability period, Defendants have had a consistent policy of failing to pay overtime at their employees' regular rate of pay to Non-Exempt Employees within the State of California in violation of California state wage and hour laws by requiring employees, including Plaintiffs, to, among other Labor Code violations, work "off the clock" in a workweek and without legal overtime compensation.

- 16 -

60.     During the hourly and overtime liability period, Defendants have had a consistent policy of requiring non-exempt employees to work in excess of 40 hours in a workweek and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

61.     On information and belief, during the hourly and overtime liability period, Defendants failed to properly calculate all forms of compensation for premium pay rates.

62.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 510, 1194 and 1199.

63.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

### Second Cause of Action

### *Failure to Pay Minimum Wages*

Labor Code §§ 1194, 1997

(Against All Defendants)

64. Plaintiffs incorporate paragraphs 1 through 63 as though fully set forth herein.

65. On information and belief and based on that information and belief, Defendant compensated its non-exempt employees on a piece rate basis.

66. On information and belief, Defendant failed to pay its non-exempt employees a minimum wage for each hour worked.  Defendant required Plaintiffs and Members of the Class to remain under the control of Defendant without payment of wages.

67. On information and belief, this controlled time was not compensated time.

68. During the liability period, Defendants have had a consistent policy of requiring employees to perform work off the clock for which they were not compensated.

69. On information and belief, Defendants willfully violated the provisions of the Labor Code, among others, §§1194, 1197 and the applicable IWC Order.

- 17 -

FIRST AMENDED COMPLAINT

70.  As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 558, 1194, 1197 and the applicable IWC Order.

71.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

**Third Cause of Action**

***Failure to Provide Rest Periods and/or Meal Periods***

***or Compensation in Lieu Thereof***

Labor Code §§ 226.7, 512

(Against All Defendants)

72. Plaintiffs incorporate paragraphs 1 through 71 as though fully set forth herein.

73. By their failure to provide rest periods for every four hours or major fraction thereof worked per day by Plaintiffs and the Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7, 512 and the applicable IWC Wage Orders.

74. Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods and/or they were not relieved for a full thirty minute meal period and/or they were not given a second meal period in excess of ten hours worked.

75. During the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take certain required rest periods and meal periods.

76. By their failure to provide meal periods for days on which Plaintiffs and non-exempt employees work(ed) work periods in excess of five and or ten hours, and their failure to provide compensation for such non-provided meal periods, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Orders.

77. By their failure to provide rest periods for days on which Plaintiffs and non-exempt

- 18 -

FIRST AMENDED COMPLAINT

1   employees work(ed) work periods in excess of four hours, and their failure to provide

2   compensation for such non-provided rest periods, Defendants willfully violated the provisions of

3   Labor Code section 226.7 and 512 and applicable IWC Wage Orders.

4       78. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

5   represent have been deprived of premium wages in amounts to be determined at trial, and are

6   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

7   costs, under Labor Code sections 226.7, 512 and the applicable IWC Wage Orders.

8                              **Fourth Cause of Action**

9                    ***Failure to Indemnify Necessary Expenditures***

10                           (Against All Defendants)

11      79. Plaintiff incorporates by reference paragraphs 1 through 78 above, and realleges each and

12   every allegation contained above as though fully set forth herein.

13      80. Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for

14   necessary expenditures incurred in direct consequence of the discharge of his or her duties.

15      81. Plaintiffs, and on information and belief members of the Class, were required to incur

16   expenses in the performance of their assigned job duties.

17      82. Upon information and belief, the Defendants did not reimburse Plaintiffs or the Plaintiff's

18   class for such expenses.

19      83. As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Class

20   Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and

21   are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees,

22   and costs, pursuant to Labor Code §2802.

23                               **Fifth Cause of Action**

24                   ***Failure to Timely Pay Wages Due At Termination***

25                               Labor Code § 203

26                           (Against All Defendants)

27      84. Plaintiffs incorporate paragraphs 1 through 83 as though fully set forth herein.

28      85. Sections 201 and 202 of the California Labor Code require Defendant to pay its

- 19 -

FIRST AMENDED COMPLAINT

employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

86. Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for non-provided rest periods and non-provided meal periods, minimum wages for each hour worked, including failing to pay overtime wages or and properly calculate overtime wages, but to date have not received such compensation therefore, thus requiring Defendants to pay penalties under Labor Code section 203.

87. More than 30 days have passed since Plaintiffs and certain other affected Class Members have left Defendants' employ, and they have not received payment pursuant to Labor Code section 203.

88. As a consequence of Defendants' willful conduct of not paying all earned wages, Plaintiffs and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for Defendants' failure to pay legal wages.

89. Plaintiffs and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code section 203 for Defendants' willful failure to pay one hours wage in lieu thereof for rest and meal period violations and failure to pay all wages owed together with interest thereon and attorneys' fees and costs.

## Sixth Cause of Action

### *Knowing and Intentional Failure to Comply With Itemized Employee*

### *Wage Statement Provisions*

Labor Code § 226

(Against All Defendants)

90.       Plaintiffs incorporate paragraphs 1 through 89 as though fully set forth herein. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs

- 20 -

1    and accurately pay minimum and overtime wages to Plaintiffs and members the proposed Class.

2    Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a)

3    on wage statements that should have been provided to Plaintiffs and members of the proposed

4    class.

5        91.       Section 1174 of the California Labor Code requires Defendants to maintain and

6    preserve, in a centralized location, among other items, records showing the names and addresses

7    of all employees employed, payroll records showing the hours worked daily by and the wages

8    paid to its employees.  On information and belief and based thereon, Defendants have knowingly

9    and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply

10   with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

11       92.       IWC Wage Orders require Defendants to maintain time records showing, among

12   other items, when the employee begins and ends each work period, meal periods, split shift

13   intervals and total daily hours worked in an itemized wage statement.  Defendants must show all

14   deductions and reimbursements from payment of wages, and must accurately report total hours

15   worked by Plaintiffs and the members of the proposed class, and must provide them with an

16   itemized statement listing the number of piece-rate units earned and any applicable piece rate if

17   an employee is paid on a piece-rate basis.

18       93.       Defendants have failed to record all or some of the items delineated in the

19   applicable Industrial Wage Orders and Labor Code section 226.

20       94.       Pursuant Labor Code section 226, Plaintiffs and Class Members are each entitled

21   up to a maximum of $4,000.00 for Defendants' record-keeping violations.

22                          **Seventh Cause of Action**

23                       ***Violation of Unfair Competition Law***

24                       Cal. Bus. & Prof. Code §§ 17200, et. seq.

25                          (Against All Defendants)

26   95. Plaintiffs  incorporate paragraphs 1 through 94 as though fully set forth herein.

27   96. Defendants have engaged in unlawful activity prohibited by Business and Professions

28   Code section 17200 *et. seq.* for actions including, but not limited to, the following:

- 21 -

FIRST AMENDED COMPLAINT

i.   requiring work "off the clock," for example by not paying employees for their time worked;

ii.   requiring work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without paying compensation at the rate of time and one-half (1 1/2) of an employee's regular rate of pay or failing to accurately calculate overtime rates;

iii.   requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a rest period;

iv.   requiring employees to work in excess of five hours and/or ten hours per day without being provided a meal period and/or a second meal period and/or requiring employees to remain on Defendants premises during their meal period and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

v.   failing to pay non-exempt employees the required minimum wages due and owed for each  hour worked;

vi.   failing to pay overtime premiums;

vii.   failing to reimburse employees for expenses incurred; and

vii.   failing to properly describe the piece rate calculation used to calculate wages paid to non-exempt employees in a given pay period.

97. The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200, *et. seq.*

98. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the Class they seek to represent.  Defendants should be enjoined from such activity and made to restore to Plaintiffs and the members of the Plaintiffs' Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon allege, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to pay legal wages and/or other compensation for working through meal periods, and by failing to

- 22 -

1    pay compensation for non-provided rest periods to Plaintiffs and members of the Plaintiffs'

2    Class.  Plaintiffs and members of the Plaintiffs' Class are prejudiced by Defendants' unfair trade

3    practices.

4        99. As a direct and proximate result of the unfair business practices of Defendants, and each

5    of them, Plaintiffs, individually and on behalf of all Class Members similarly situated, are

6    entitled to restitution of all wages which have been unlawfully withheld from Plaintiffs and

7    members of the Plaintiffs' Class as a result of Defendants' business acts and practices described

8    herein.

9                            **Eighth Cause of Action**

10                      ***Private Attorneys' General Act of 2004***

11                          ***Labor Code section 2698 et seq.***

12                  (By Representative Plaintiffs <u>Against All Defendants</u>)

13       100.      Plaintiffs incorporate by reference paragraphs 1 through 99 above, and reallege

14   each and every allegation contained above as though fully set forth herein.

15       101.      Pursuant to Labor Code §2699.3,

16            ⬜(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section
         2699 alleging a violation of any provision listed in Section 2699.5 shall commence only
17       after the following requirements have been met:

18                 (1) The aggrieved employee or representative shall give written notice by
         certified mail to the Labor and Workforce Development Agency and the employer of the
19       specific provisions of this code alleged to have been violated, including the facts and
         theories to support the alleged violation.

20                 ⬜(2) (A) The agency shall notify the employer and the aggrieved employee or
         representative by certified mail that it does not intend to investigate the alleged violation
21       within 30 calendar days of the postmark date of the notice received pursuant to paragraph
         (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the
22       postmark date of the notice given pursuant to paragraph 1), the aggrieved employee may
         commence a civil action pursuant to Section 2699.
23

24       102.      On or about December 31, 2015, Plaintiffs complied with notice requirements

25   pursuant to Labor Code §2699.3 and sent via certified mail, written notice of the specific

26   provisions alleged to have been violated pursuant to Labor Code § 2699.3 to the Labor and

27   Workforce Development Agency ("LWDA") and the alleged employer.

28       103.      Thirty three (33) days have passed since Plaintiffs provided written notice

                                    - 23 -

1 required by Labor Code §2699.3. Therefore, Plaintiffs are entitled to bring a representative
2 action under PAGA, on behalf of themselves and all other aggrieved employees of Defendants.
3    104.    On information and belief and based thereon, by their policy of:
4       a.  Failing to provide Meal Periods;
5       b.  Failing to Authorize and Permit Rest Periods;
6       c.  Failing to pay all hourly wages earned, including overtime pay;
7       d.  Failing indemnify employees for necessary expenses;
8       e.  Failing to minimum wages;
9       f.  Failing to timely pay all wages earned and owed upon separation from
10         employment with Defendants;
11      g.  Failing to provide accurate wage statements; and
12      h.  Engaging in unfair competition;
13 Defendants engaged in unlawful activity prohibited by inter alia, Labor Code §§ 201, 202, 203,
14 221-224, 226, 226.7, 510, 512, 1194, 1198, 2802, Cal. Code of Regulations, Title 8, which
15 violation constitutes a violation of fundamental public policy.
16    105.    As a result of their unlawful acts, Plaintiffs are entitled to civil penalties pursuant
17 to Labor Code Private Attorneys General Act of 2004, Labor Code §2698 *et seq.*
18    106.    WHEREFORE, Plaintiffs and the Representative Class they seek to represent
19 request relief as described herein and below.

**VI.**

**PRAYER**

WHEREFORE, Plaintiffs prays for judgment as follows:
1. That the Court determine this action may be maintained as a class action;
2. For compensatory damages in an amount according to proof with interest thereon;
3. For economic and/or special damages in an amount according to proof with interest thereon;
4. That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

- 24 -

FIRST AMENDED COMPLAINT

5.   That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition pursuant to California Business and Professions Code sections 17203 and 17204;

6.   For premium pay and penalties pursuant to Labor Code section 203, 226, 226.7, 512;

7.   For statutory penalties pursuant to Labor Code section 2698 *et seq.;*

8.   For minimum wages and premium wages pursuant to Labor Code sections 1194, 510;

9.   For un-reimbursed sums pursuant to Labor Code section 2802;

10.  For attorneys' fees, interests and costs of suit under Labor Code section 1194; and

11.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

1.   Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated:   **February 11, 2016**          **JAMES HAWKINS APLC**

                              /s/ James R. Hawkins

                              James R. Hawkins, Esq.
                              Christina M. Lucio, Esq.,
                              Attorneys for Plaintiffs
                              Holly Attia, Roshanak Basti,
                              Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
                              Kim Marconi, Isabel Romero, David Tolbert,
                              on behalf of themselves and all others similarly situated

- 25 -

FIRST AMENDED COMPLAINT

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**JAMES HAWKINS APLC**
James R. Hawkins, Esq. SBN 192925; Christina M. Lucio, Esq. SBN 253677
9880 Research Drive, Suite 200, Irvine, CA 92618

   TELEPHONE NO.: 949-387-7200      FAX NO. *(Optional):* 949-387-6676
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name):* See Attachment

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
   STREET ADDRESS: 751 West Santa Ana Boulevard.
   MAILING ADDRESS:
   CITY AND ZIP CODE: Santa Ana, 92701
   BRANCH NAME: CIVIL COMPLEX CENTER

PLAINTIFF/PETITIONER: Holly Attia on behalf of herself individually and all others similar

DEFENDANT/RESPONDENT: THE NEIMAN MARCUS GROUP, INC. et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2015-00827743-CU-OE-CXC |
|---|---|

TO *(insert name of party being served):* THE NEIMAN MARCUS GROUP, INC. (THROUGH ITS COUNSEL)

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 16, 2016

Christina M. Lucio
     (TYPE OR PRINT NAME)

▶ _____
   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
      Civil Case Cover Sheet, First Amended Complaint, Notice of Minute Order.

*(To be completed by recipient):*

Date this form is signed: March 7, 2016

CINDI RITCHEY Attorney for
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
     ON WHOSE BEHALF THIS FORM IS SIGNED)
Neiman Marcus

▶ Cindi Ritchey, Attorney
  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## ATTACHMENT 1

Plaintiffs, Holly Attia, Roshanak Basti,
Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley,
Kim Marconi, Isabel Romero, David Tolbert,
on behalf of themselves and all others similarly situated

245084·4

James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, Esq. SBN 253677
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiffs, Holly Attia, et al.,
on behalf of themselves and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves individually and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>THE NEIMAN MARCUS GROUP, INC., a Texas Corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 30-2015-00827743-CU-OE-CXC<br>Assigned For All Purposes to:<br>Hon. Thierry Patrick Colaw<br>CX-105<br><br>**REQUEST TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER THEREON**<br><br>Date:  March 21, 2016<br>Time:  9:00 a.m.<br>Dept:  CX-105 |

- 1 -
REQUEST TO CONTINUE STATUS CONFERENCE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CEN

MAR 1 5 2016

ALAN CARLSON, Clerk of the Court

BY ____ P RIEF

1

2                    REQUEST TO CONTINUE INITIAL STATUS CONFERENCE

3          WHEREAS, Plaintiffs' Complaint, as filed on December 31, 2015, alleged the following

4   six causes of action against Defendant:  1) Failure To Pay Hourly Wages and Overtime Wages;

5   2) Failure to Provide Minimum Wages; 3) Failure to Provide Rest Periods and Meal Periods or

6   Compensation in Lieu Thereof; 4)  Failure to Indemnify Necessary Expenses; 5)  Failure to

7   Timely Pay Wages Due At Termination; 6)  Knowing and Intentional Failure to Comply with

8   Itemized Employee Wage Statement Provisions, and 7) Violations of the Unfair Competition

9   Law;

10          WHEREAS, Plaintiffs filed a First Amended Complaint on February 11, 2016 adding an

11  eighth cause of action under the Private Attorneys' General Act of 2004, Labor Code section

2698 *et seq.;*

12          WHEREAS, counsel for Defendant agreed to accept service of the First Amended

13  Complaint via Notice and Acknowledgment;

14          WHEREAS, counsel for Defendant signed and returned the Acknowledgment of Receipt

15  on March 7, 2016;

16          WHEREAS, Defendant has 30 days from March 7, 2016 to respond to the First

17  Amended Complaint (on or about April 13, 2016).

18          WHEREAS, Plaintiff requests [with Defendant's consent] that the Court continue the

19  initial status conference set for March 21, 2016 at 9:00 a.m. to a date approximately 30 days

20  later, April 20, 2016, or a date thereabouts of the Court's preference so the parties can jointly

21  apprise the Court of matters they anticipate will affect the proceeding;

22          THEREFORE, IT IS HEREBY requested by Plaintiffs, and by and through their

23  respective undersigned counsel of record, that the Case Management Conference presently

24  scheduled for March 21, 2016 be continued to April 20, 2016, or another date in approximately

25  30 days of the Court's preference, and Plaintiff respectfully requests that the Court enter the

26  concurrently filed [Proposed] Order to that end.

27

28
                                            - 2 -

1

2    Date: March 14, 2016                          JAMES HAWKINS APLC

3                                                  /s/ Christina M. Lucio
                                                   James R. Hawkins, Esq.
4                                                  Christina M. Lucio, Esq.
                                                   Attorneys for
5                                                  MARIA ESTELA SORIA MADRIGAL,
                                                   individually and on behalf of all others
6                                                  similarly situated

7

8

9

10                                    TPC
11                          [PROPOSED] ORDER

12          The terms of the Plaintiff's Request are hereby approved, and pursuant to that request to

13   continue the Initial Status Conference, the presently scheduled Conference in this matter on

14   March 21, 2016 at 9:00 a.m. in Department CX-105 is hereby continued to

15   5|9|16 [April 20, 2016] at 9:00 a.m. in CX-105.

16

17          IT IS SO ORDERED.

18   Date:   March 15, 2016              _____
                                          Hon. Thierry Patrick Colaw
19                                        Judge of the Superior Court

20

21

22

23

24

25

26

27

28
                                        - 3 -
                          REQUEST TO CONTINUE STATUS CONFERENCE

1    **PROOF OF SERVICE, COUNTY OF ORANGE**

2

3    I am a resident of the State of California, County of Orange.  I am over the age of eighteen

4    years and not a party to the within action.  My business address is 9880 Research Drive., Suite

5    200, Irvine, California 92618.

6

7    On March 14, 2016, I served on the interested parties in this action the following

8    document(s) entitled:

9    • **REQUEST TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER**

10   [XX]  BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the
     persons at the addresses listed in the Service List below and placed the envelope for
11   collection and mailing, following our ordinary business practices. I am readily familiar
     with the firm's practice for collecting and processing correspondence for mailing. On the
12   same day that the correspondence is placed for collection and mailing, it is deposited in
13   the ordinary course of business with the United States Postal Service, in a sealed envelope
     with postage fully prepaid.
14
                            **SERVICE LIST**
15
                             JONES DAY
16                         Cindi Ritchey, Esq.
                     12265 El Camino Real, Suite 300
17                        San Diego, CA 92130

18

19

20   [ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that

21   the above is true and correct.

22

23                              Executed on March 14, 2016, at Irvine, California

24                                                      /s/ Victor Barajas

25                                                      Victor Barajas

26

27

28
                                - 4 -
                 REQUEST TO CONTINUE STATUS CONFERENCE

# EXHIBIT B

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/17/2016** at 11:05:00 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   Aaron L. Agenbroad (State Bar No. 242613)
    JONES DAY
2   555 California Street, 26th Floor
    San Francisco, CA  94104
3   Telephone:     +1.415.626.3939
    Facsimile:      +1.415.875.5700
4   Email:          alagenbroad@JonesDay.com

5   Cindi L. Ritchey (State Bar No. 216899)
    Koree Blyleven (State Bar No. 294489)
6   JONES DAY
    12265 El Camino Real, Suite 200
7   San Diego, CA  92130.4096
    Telephone:     +1.858.314.1200
8   Facsimile:      +1.858.314.1150
    Email:          critchey@jonesday.com
9                   kblyleven@jonesday.com

10  Attorneys for Defendant
    THE NEIMAN MARCUS GROUP LLC

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                      **COUNTY OF ORANGE**

14

15  HOLLY ATTIA, ROSHANAK BASTI,        **CASE NO. 30-2015-00827743-CU-OE-CXC**
    NILOOFAR ESHAGHBEIGL, MICHELLE
16  GIRARD, ELISE KELLEY, KIM           Assigned for all purposes to:
    MARCONI, ISABEL ROMERO, DAVID       Hon. Thierry Patrick Colaw
17  TOLBERT, on behalf of themselves    CX-105
    individually and all others similarly situated,
18                                      **ANSWER OF DEFENDANT THE
                        Plaintiffs,    NEIMAN MARCUS GROUP LLC TO
19                                      PLAINTIFFS' UNVERIFIED FIRST
            v.                          AMENDED COMPLAINT**
20
    THE NEIMAN MARCUS GROUP, INC., a
21  Texas Corporation; and DOES 1 through
    100, inclusive,
22
                        Defendants.
23

24

25

26

27

28
                                                CASE NO. 30-2015-00827743-CU-OE-CXC

1        Defendant The Neiman Marcus Group LLC ("Defendant"), erroneously sued as The

2   Neiman Marcus Group, Inc., hereby answers the First Amended Complaint ("FAC") of Plaintiffs

3   Holly Attia, Roshanak Basti, Niloofar Eshaghbeigi, Michelle Girard, Elise Kelley, Kim Marconi,

4   Isabel Romero, and David Tolbert, on behalf of themselves and all others similarly situated

5   ("Plaintiffs") in the above-captioned case as follows:

6                      **General Denial**

7        Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant

8   denies, generally and specifically, each and every allegation, statement, matter and each

9   purported cause of action contained in the unverified FAC filed by Plaintiffs and, without limiting

10   the generality of the foregoing, denies, generally and specifically, that Plaintiffs, or any of those

11   they seek to represent, have been damaged in the manner or sums alleged, or in any way at all, by

12   reason of any acts or omissions of Defendant.

13        In further answer to the FAC, Defendant asserts the following affirmative and other

14   defenses.  Defendant reserves the right to amend or supplement its answer and/or defenses as may

15   be warranted by the information developed through subsequent discovery.  Nothing stated herein

16   constitutes a concession as to whether or not Plaintiffs or Defendant bear the burden of proof on

17   any issue.

18                     **FIRST DEFENSE**

19            **(Arbitration Agreement – All Claims)**

20        Plaintiffs are bound by the terms of a valid, enforceable arbitration agreement that covers

21   the claims asserted in the FAC.  Further, Plaintiffs' arbitration agreements bar them from

22   proceeding as a party or class member in any purported class proceeding, and Plaintiffs are thus

23   required to individually arbitrate their class claims alleged in the FAC.

24                    **SECOND DEFENSE**

25            **(Failure to State a Claim – All Claims)**

26        The FAC fails to allege facts sufficient to state a cause of action against Defendant and

27   further fails to allege facts sufficient to entitle Plaintiffs and/or those they seek to represent to the

28   relief sought, or to any other relief whatsoever from Defendant.

## THIRD DEFENSE

### (Statute of Limitations – All Claims)

Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338, 339 and 340, California Labor Code § 203, and California Business and Professions Code § 17208.

## FOURTH DEFENSE

### (Release)

Plaintiffs' claims, and the claims of those they seek to represent, are barred by the doctrine of release because Plaintiffs and/or some or all of those they seek to represent have released their claims.

## FIFTH DEFENSE

### (Res Judicata/Collateral Estoppel – All Causes of Action)

Some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or some or all of those they seek to represent in this case were members of the settlement class in *Shelia Monjazeb, individually, and on behalf of other members of the general public similarly situated, Plaintiff vs. The Neiman Marcus Group, Inc., a Texas corporation; and Does 1 through 10, inclusive, Defendants*, Case No. CGC-10-502877, Superior Court of California for the County of San Francisco.

## SIXTH DEFENSE

### (Laches, Waiver, and Estoppel – All Claims)

The FAC, and each and every claim alleged therein, is barred by the doctrines of laches, waiver, and/or estoppel.

## SEVENTH DEFENSE

### (No Penalties or Premium Pay)

Plaintiffs are not entitled to any penalty award under Labor Code Section 203, Labor Code Section 226, California's Private Attorney General Act, or any penalty or premium under any other Section of the Labor Code since, at all times relevant and material herein, Defendant did not

1    willfully fail to comply with the compensation provisions of California Labor Code § 200 *et seq.*,

2    but rather acted in good faith and had reasonable grounds for believing that it did not violate the

3    compensation provisions of the California Labor Code.

### EIGHTH DEFENSE

**(Injunctive Relief Improper – All Claims)**

6    Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate and

7    complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive

8    relief in a labor dispute under California Labor Code § 1138.1, *et seq.*

### NINTH DEFENSE

**(Unclean Hands – All Claims)**

11    The FAC, and each and every claim alleged therein, is barred by the doctrine of unclean

12    hands.

### TENTH DEFENSE

**(Failure to Follow Instructions/Policy Violations – All Claims)**

15    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and some or all of

16    those they seek to represent failed to follow Defendant's instructions and/or violated some or of

17    all of Defendant's policies.

### ELEVENTH DEFENSE

**(No Willfulness – All Causes of Action)**

20    Plaintiffs and those they seek to represent are not entitled to the relief requested in the

21    FAC because, even if unlawful actions occurred, which Defendant denies, such conduct was

22    prohibited by Defendant's policies and was not committed, countenanced, or ratified or approved

23    by Defendant's managing agents.

### TWELFTH DEFENSE

**(*De Minimus* Time Periods)**

26    Plaintiffs' causes of action are barred, in whole or in part, because the time periods for

27    which they are claiming entitlement fall within the *de minimus* exception.

**THIRTEENTH DEFENSE**

**(Good Faith Dispute – Fifth Claim)**

The claim for failure to pay wages upon termination should be denied because a good faith dispute exists as to whether any wages are due.

**FOURTEENTH DEFENSE**

**(Payment – All Claims)**

Plaintiffs' claims are barred because Plaintiffs and those they seek to represent have been paid all wages due and owed.

**FIFTEENTH DEFENSE**

**(Standing – All Claims)**

Plaintiffs' claims are barred because Plaintiffs, and each of them, lack standing to assert them.

**SIXTEENTH DEFENSE**

**(Violation of Due Process – All Claims)**

California Business and Professions Code §§ 17203 and 17204 and the Labor Code Private Attorney General Act violate the Due Process Clauses of the United States and California Constitutions to the extent that the standards of liability under those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**SEVENTEENTH DEFENSE**

**(Set Off – All Claims)**

Defendant is entitled to setoff, and/or to recoup, any monies paid to Plaintiffs and/or those they seek to represent that are in excess of amounts owed, if any.

**EIGHTEENTH DEFENSE**

**(Exempt Employees – First, Sixth, Seventh, Eighth Causes of Action)**

Plaintiffs and those they seek to represent are not entitled to the requested relief because they were/are exempt from the overtime requirements of California law pursuant to Section 3(d) of Wage Order 7-2001.

4                    CASE NO. 30-2015-00827743-CU-OE-CXC

## NINETEENTH DEFENSE

### (Failure to Exhaust Administrative Remedies – Eighth Cause of Action)

Plaintiffs' claims are barred to the extent that they have failed to properly exhaust available administrative remedies, and/or have otherwise failed to take those steps that are prerequisites to filing the FAC.

## TWENTIETH DEFENSE

### (Lack of a Competitive Injury – All Claims)

Plaintiffs lack standing under Business and Professions Code Section 17200 *et seq.*, because neither they nor the alleged class have suffered a competitive injury.

## TWENTY-FIRST DEFENSE

### (No Retroactivity – All Claims)

To the extent that certain or all of Plaintiffs' claims rely in any part on statutory amendments or additions during the class or collective period, those amendments and additions are not retroactive and bar Plaintiffs' claims in whole or in part.

## TWENTY-SECOND DEFENSE

### (No Civil Penalties – All Claims)

Plaintiffs' claims for civil penalties are barred because recovery of civil penalties would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

## TWENTY-THIRD DEFENSE

### (Lack Of Knowledge – All Claims)

The claims of Plaintiffs and the putative class members are barred as to all hours allegedly worked and/or all business expenses allegedly incurred of which Defendant lacked actual or constructive knowledge.

## TWENTY-FOURTH DEFENSE

### (Proceedings in the Form of a Class or Representative Action – All Claims)

Plaintiffs are not entitled to class action certification because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

**TWENTY-FIFTH DEFENSE**

**(Class or Representative Treatment Not Manageable – All Claims)**

This action is not appropriate for class, collective, or representative treatment because, among other things, it would not be manageable as a class or representative action.

**TWENTY-SIXTH DEFENSE**

**(Accord and Satisfaction)**

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**TWENTY-SEVENTH DEFENSE**

**(Activities Done Before or After Principal Activities)**

The claims of Plaintiffs, and those they seek to represent, are barred as to all hours during which Plaintiff and those they seek to represent were engaged in activities that were preliminary to or after their principal activities.

**TWENTY-EIGHTH DEFENSE**

**(Reservation of Rights – All Claims)**

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Plaintiffs bear the burden of proof on any issue.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by their First Amended Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiffs;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

4.     That Defendant be awarded its costs of suit incurred herein; and

/ / /

/ / /

1      5.      That Defendant be awarded such other and further relief as the Court may deem

2       appropriate.

3

Dated: March 17, 2016               JONES DAY

4

5

6                           By: _____

                                Aaron L. Agenbroad

7                             Cindi L. Ritchey

                            Koree Blyleven

8

                          Attorneys for Defendant

9                           THE NEIMAN MARCUS GROUP LLC

NAI-1500903738v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 7           CASE NO. 30-2015-00827743-CU-OE-CXC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/17/2016** at 11:05:00 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1    Aaron L. Agenbroad (State Bar No. 242613)
     JONES DAY
2    555 California Street, 26th Floor
     San Francisco, CA  94104
3    Telephone:     +1.415.626.3939
     Facsimile:     +1.415.875.5700
4    Email:         alagenbroad@JonesDay.com

5    Cindi L. Ritchey (State Bar No. 216899)
     Koree Blyleven (State Bar No. 294489)
6    JONES DAY
     12265 El Camino Real, Suite 200
7    San Diego, CA  92130.4096
     Telephone:     +1.858.314.1200
8    Facsimile:     +1.858.314.1150
     Email:         critchey@jonesday.com
9                   kblyleven@jonesday.com

10   Attorneys for Defendant
     THE NEIMAN MARCUS GROUP LLC
11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **COUNTY OF ORANGE**

14

15   HOLLY ATTIA, ROSHANAK BASTI,          **CASE NO. 30-2015-00827743-CU-OE-CXC**
     NILOOFAR ESHAGHBEIGL, MICHELLE
16   GIRARD, ELISE KELLEY, KIM             Assigned for all purposes to
     MARCONI, ISABEL ROMERO, DAVID         Hon. Thierry Patrick Colaw
17   TOLBERT, on behalf of themselves      Dept. CX-105
     individually and all others similarly situated,
18                                         **PROOF OF SERVICE**
                    Plaintiffs,
19                                         Complaint Filed:     December 31, 2015
          v.
20
     THE NEIMAN MARCUS GROUP, INC., a
21   Texas Corporation; and DOES 1 through
     100, inclusive,
22
                    Defendants.
23

24        I, Deborah VT Pierson, declare:

25        I am a citizen of the United States and employed in San Diego County, California.  I am

26   over the age of eighteen years and not a party to the within-entitled action.  My business address

27   is 12265 El Camino Real, Suite 200, San Diego, California  92130.4096.  On March 17, 2016, I

28   served a copy of the within document(s):

     NAI-1500916359v1                                          30-2015-00827743-CU-OE-CXC
                                  PROOF OF SERVICE

1.   **ANSWER OF DEFENDANT THE NEIMAN MARCUS GROUP LLC TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT**

☐   **AS INDICATED BELOW:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   **AS INDICATED BELOW:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☒   **AS INDICATED BELOW:** by placing the document(s) listed above in a sealed United Parcel Service (UPS) envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for OVERNIGHT DELIVERY addressed as set forth below. I am readily familiar with the firm's procedures for overnight collection and processing. It is deposited with a UPS agent for overnight delivery on that same day in the ordinary course of business.

☐   **AS INDICATED BELOW:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. A Proof of Personal Service will be filed on demand.

☐   **AS INDICATED BELOW:** by transmitting via email or electronic transmission the document(s) listed above to the persons at the email addresses set forth below.

James R. Hawkins, Esq.
Christina M. Lucio, Esq.
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone:    949.387.7200
Facsimile:    949.387.6676
Email: james@jameshawkinsaplc.com
          christinas@jameshawkinsaplc.com

*Attorneys for Plaintiffs:* Holly Attia, Roshanak Basti, Niloofar Eshaghbeigl, Michelle Girard, Elise Kelley, Kim Marconi, Isabel Romero, David Tolbert, and on behalf of themselves and all others similarly situated

**VIA OVERNIGHT MAIL**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 17, 2016, at San Diego, California.

_____
DEBORAH VT PIERSON

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 751  W. Santa Ana Blvd<br>MAILING ADDRESS:  P.O. Box 22028<br>CITY AND ZIP CODE: Santa Ana CA 92702<br>BRANCH NAME:    Civil Complex Center | |

| SHORT TITLE: Attia vs. The Neiman Marcus Group, Inc. | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2015-00827743-CU-OE-CXC |
|---|---|

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange Court. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  The Neiman Marcus Group, Inc.
On Behalf of:  The Neiman Marcus Group, Inc.; CCMS ID: 75678647
Transaction Number:  4518779
Court Received Date:  03/17/2016
Court Received Time:  11:05:09 AM
Filed Date:  03/17/2016
Filed Time:  11:05 AM
Fee Amount Assessed:  $1,435.00
Case Number:  30-2015-00827743-CU-OE-CXC
Case Title:  Attia vs. The Neiman Marcus Group, Inc.
Location:  Civil Complex Center
Case Type:  Other employment
Case Category:  Civil - Unlimited
Jurisdictional Amount:  > 25000

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer to Amended Complaint | Accepted |
| Proof of Service | Accepted |

**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

Service Provider   OneLegal
Email:              support@onelegal.com
Contact Person:    Customer Support
Phone:             8009388815

**NOTICE OF CONFIRMATION OF FILING**