JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY ATTIA, ROSHANAK BASTI, NILOOFAR ESHAGHBEIGL, MICHELLE GIRARD, ELISE KELLEY, KIM MARCONI, XUAN HIEN NGUYEN, ISABEL ROMERO, DAVID TOLBERT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE NEIMAN MARCUS GROUP, INC., a Texas corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 8:16-CV-00504 DOC (FFM)<br><br>Assigned for all purposes to<br>The Honorable David O. Carter<br><br>FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE<br><br>Date:          February 25, 2019<br>Time:         8:30 a.m.<br>Courtroom:   9D<br><br>Complaint filed:   December 31, 2015 |

CASE NO. 8:16-CV-00504 DOC (FFM)
FINAL JUDGMENT

On July 23, 2018, the Parties to this action entered into a Joint Stipulation of Class Action Settlement (the "Agreement"), and on July 24, 2018 they applied to this Court for preliminary approval of the Agreement and the terms thereof. On September 6, 2018, the Court granted preliminary approval of the Agreement, certified pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only the Class and Expense Reimbursement Subclass, approved the form of the Notice of Class Action Settlement ("Class Notice") and authorized the mailing of Class Notices to the Class Members and Expense Reimbursement Subclass Members. As also required by Rule 23, all Class/Subclass Members were given an opportunity to object to the settlement and/or opt out of it.

On January 28, 2019, Plaintiffs filed a Motion for Order Granting Final Approval of Class Action Settlement and Entering Judgment. The Court held a hearing on that motion on February 25, 2019.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. The Court has personal jurisdiction over all Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Joint Stipulation of Class Action Settlement (the "Agreement") (including all Exhibits thereto).

2. The Agreement, including the definitions applicable to the Settlement, is incorporated by reference into this Order. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Agreement.

3. The Court finds that the Agreement was reached after arm's-length negotiations between the Parties, including three full-day mediation sessions; the proposed Agreement was concluded only after counsel for the Parties had

conducted adequate discovery and investigation; and the Settlement of this action, as embodied in the terms of the Agreement, is finally approved as fair, reasonable, adequate, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Parties and the Class Members. The Court further finds that all notice requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

4. For the purpose of settlement, the Court finally certifies the following "Class" in which the Class Members are defined as:

> "All persons currently or formerly employed by The Neiman Marcus Group LLC ("NMG") at Defendant's full-line department stores in California as employees who were compensated in full or in part on a commission or piece rate basis, at any time during the period from May 1, 2014 through the date of preliminary approval."

For the purpose of settlement, the Court finally certifies the following "Subclass" in which the Expense Reimbursement Subclass Members are defined as:

> "All persons currently or formerly employed by NMG at Defendant's full-line department stores in California as employees who were compensated in full or in part on a commission or piece rate basis, at any time during the period from December 31, 2011 through the date of preliminary approval."

5. The above Class and Subclass are certified for settlement purposes and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it by or behalf of the Class/Subclass.

6. The Court finds that the Class Notice sent to the Class and Subclass fairly and adequately informed the Class Members and Expense Reimbursement Subclass Members of the terms of the settlement, was consistent with Federal Rule

of Civil Procedure 23 and due process, and was given in the manner prescribed by the Agreement and the Preliminary Approval Order. The Court further finds that the Class Notice constituted the best notice practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

7. In the Final Approval Order, the Court found the Settlement is fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e), and all other applicable law.

8. The terms of the Agreement and this Final Judgment are binding on Plaintiffs Holly Attia, Roshanak Basti, Niloofar Eshaghbeigi, Michelle Girard, Elise Kelley, Isabel Romero, and Xuan Hien Nguyen and all other Class/Subclass Members who did not file timely exclusions, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Agreement. Seven individuals timely excluded themselves from the Class/Subclass, so all other Class/Subclass Members who did not request exclusion from the Settlement are bound by the Releases set forth in the Agreement and referenced herein.

9. NMG will deposit the Gross Settlement Amount into a Qualified Settlement Account, from which the Settlement Administrator will issue Individual Settlement Payments to participating Class Members according to the terms and timeline stated in the Agreement.

10. Class Counsel, James Hawkins APLC, is awarded $1,466,666.67 in attorneys' fees and $80,519.85 in costs. Payment shall be made pursuant to the timeline stated in paragraph 60 of the Agreement.

11. Plaintiffs Attia, Eshaghbeigi, Girard, Kelley, Romero, and Nguyen are awarded $7,000 each and Plaintiff Basti is awarded $5,000 as class representative enhancement payments. Payment shall be made pursuant to the timeline stated in paragraph 60 the Agreement.

12. The Court approves the Parties' allocation set forth in the Agreement as the PAGA Penalty Payment. Specifically, $640,000 shall be paid from the Gross Settlement Amount as the PAGA Penalty Payment, of which $480,000 (75%) shall be paid to the Labor and Workforce Development Agency and $160,000 (25%) shall be allocated to the Net Settlement Amount for distribution to participating Class Members.

13. The Settlement Administrator, CPT Group, Inc., will receive payment of $30,000 for services rendered and to be rendered in connection with the completion of its administrative duties pursuant to the Agreement. Payment shall be made pursuant to the timeline stated in paragraph 60 of the Agreement.

14. The releases as set forth in paragraphs 27, 28, 69, 70, and 72 of the Agreement, together with the definitions of Released Parties, paragraph 29 of the Agreement, are expressly incorporated herein in all respects. The Release is effective as of the Effective Date as defined in the Agreement, and Plaintiffs and all Class/Subclass Members who did not timely submit a valid request for exclusion are: (1) deemed to have released and discharged the Released Parties from any and all Released Claims and Released Subclass Claims through the Effective Date and (2) barred and permanently enjoined from prosecuting any and all Released Claims and Released Subclass Claims against the Released Parties. As set forth in the Agreement and incorporated herein, "Released Claims" means the claims released

by each Plaintiff and each Class Member who does not timely opt out of the Settlement, on behalf of themselves, their heirs, spouses, executors, administrators, attorneys, agents, and assigns, which are all applicable wage and hour claims, rights, demands, liabilities, penalties, fines, debts and causes of action of every nature and description, whether known or unknown, arising from or related to the claims asserted in the Action or that could have been asserted in the Plaintiffs' Second Amended Complaint to be filed pursuant to this Settlement based on the facts and circumstances alleged therein, including claims based on California Labor Code sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 2698 et seq., 2802, California Code of Regulations, Title 8 Section 11000 et seq., the applicable Industrial Welfare Commission (IWC) Wage Orders, Business & Professions Code section 17200-17208 or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees. As set forth in the Settlement Agreement and incorporated herein, "Released Subclass Claims" means the claims released by each Plaintiff and each Expense Reimbursement Subclass Member who does not timely opt out of the Settlement, on behalf of themselves, their heirs, spouses, executors, administrators, attorneys, agents, and assigns, which are all applicable wage and hour claims, rights, demands, liabilities, penalties, fines, debts and causes of action of every nature and description, whether known or unknown, arising from or related to the claims asserted in the Action or that could have been asserted in the Plaintiffs' Second Amended Complaint to be filed pursuant to this Settlement based on allegations of failure to reimburse for incurred business expenses, including claims based on California Labor Code sections 2802, 2698, et seq., Business & Professions Code section 17200-17208 or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees. As set forth in the Settlement Agreement and incorporated herein, "Released Parties" means Defendant and its former and present

parents, subsidiaries and affiliated companies and entities and their respective current, former and future officers, directors, members, managers, employees, consultants, partners, affiliates, subsidiaries, shareholders, attorneys, insurers, joint venturers and agents, any successors, assigns, or legal representatives and any individual or entity who or which could be jointly liable with Defendant and all persons or entities acting by, through, under, or in concert with any of them.

15. Additionally, Plaintiffs Attia, Eshaghbeigi, Girard, Kelley, Basti, Romero, and Nguyen each, on his or her own behalf and on behalf of all successors in interest, fully and finally release the Released Parties from all claims of every nature, known or unknown, relating to any act or omission by any of the Released Parties committed or omitted prior to the execution of the Agreement. The full terms of the releases described in this paragraph are set forth in paragraphs 39, 71 and 72 of the Agreement and are specifically incorporated herein by this reference.

16. This Court hereby enters final judgment in this case approving the Agreement as fair, reasonable, and adequate, and dismisses this case with prejudice, in accordance with the terms of the Agreement and the Final Approval Order.

17. Class Members and Expense Reimbursement Subclass Members (as defined in the Settlement Agreement) received Notice under Rule 23(c)(2) and the Court finds them to be class members bound by this Final Judgment with the exception of those seven individuals who opted out.

18. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the Plaintiffs and all Settlement Class Members and Expense Reimbursement Subclass Settlement Members, and the Defendant for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the Final Approval Order, and this Final Judgment.

- 6 -

CASE NO. 8:16-CV-00504 DOC (FFM)
FINAL JUDGMENT

It is so ORDERED this 25th day of February, 2019.

_____
Hon. David O. Carter
U.S. District Judge